CARL F. BELK, APPELLANT, V. MASSMAN CONSTRUCTION COMPANY, APPELLEE.

275 N. W. 76

FILED SEPTEMBER 24, 1937.   No. 30011.

*Frank A. Dutton, Albert D. Menefee* and *Sanden & Anderson,* for appellant.

*Thomas E. Dunbar* and *Martin J. O'Donnell, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

CARTER, J.

Plaintiff commenced this action in admiralty for damages under the seamen's act (41 U. S. St. at Large, ch. 250, sec. 33, p. 1007) for personal injuries sustained while employed as a seaman by the defendant, Massman Construction Company. At the close of plaintiff's evidence, the trial court directed a verdict against the plaintiff and dismissed his petition. From the overruling of his motion for a new trial, plaintiff appeals.

The defendant was engaged in improvement work on the Missouri river in Otoe county. The work necessitated the driving of piling along the bank and out into the river itself. Plaintiff was first employed by defendant to fire a pile-driver boiler on the bank, and, after the completion of that work, was again employed to fire a pile-driver boiler on pile-driver barge No. 3, which was working in the river immediately east of its west bank. While working on this barge in the early morning of November 23, 1934, plaintiff was injured by getting his foot and leg caught in a revolving cable drum. This action was commenced under the seamen's act on the theory that plaintiff was a seaman engaged in navigation and commerce on a navigable stream within the provisions of the act at the time of his injury.

The record discloses that plaintiff contracted in writing to be bound by the workmen's compensation law of the state of Nebraska. Plaintiff resided in Nebraska and was working in Nebraska at the time he was injured. It is clear therefore that, unless the facts bring the case within the exclusive jurisdiction of maritime law, the rights of the parties must be determined in accordance with the workmen's compensation law of this state.

The record discloses that plaintiff lived at Dunbar, Nebraska, and that he went home after each day's work. The barge, upon which he was working at the time he was injured, was always towed and had no motive power of its own. It was either anchored in the stream or tied to the piling already driven while the work was being performed. The principal duty of plaintiff was to fire the boiler of a stationary engine attached to the floor of the barge. The detailed statement of his other duties is not very satisfactory. We do not doubt that the accident in question was maritime in nature, at least it occurred on a navigable river. In determining whether, under the facts in this case, the compensation law of Nebraska provides the exclusive remedy, we must bear in mind that the supreme court of the United States has plenary and final jurisdiction over matters maritime. Necessarily we must look to the decisions of that court for the governing rules.

The general rule is that any work performed by workmen upon navigable waters, no matter what its character may be, is essentially maritime in its nature and controlled by the principles of admiralty.

There is a recognized exception to this general rule which materially affects its application. It has been held that, where the employment, although maritime in its character, pertains to local matters having no direct relation to navigation and commerce, the maritime law can be modified or supplemented by state statutes, since the regulation "will not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations." *Western Fuel Co. v. Garcia,* 257 U. S. 233.

In the case of *Grant Smith-Porter Co. v. Rohde,* 257 U. S. 469, the court said:

"In *Western Fuel Co. v. Garcia (supra)* we recently pointed out that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter might be modified or

supplemented by state statutes. The present case is controlled by that principle. The statute of the state applies and defines the rights and liabilities of the parties. The employee may assert his claim against the Industrial Accident Fund to which both he and the employer have contributed as provided by the statute, but he cannot recover damages in an admiralty court.

"This conclusion accords with *Southern Pacific Co. v. Jensen,* 244 U. S. 205; *Chelentis v. Luckenbach S. S. Co.,* 247 U. S. 372; *Union Fish Co. v. Erickson,* 248 U. S. 308; and *Knickerbocker Ice Co. v. Stewart,* 253 U. S. 149.· In each of them the employment or contract was maritime in nature and the rights and liabilities of the parties were prescribed by general rules of maritime law essential to its proper harmony and uniformity. Here the parties contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

Also, in the case of *Millers Indemnity Underwriters v.. Braud,* 270 U. S. 59, the court said: "In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state compensation act; but the matter is of mere local concern and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law. The act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist." See, also, *Alaska Packers Ass'n v. Industrial Accident Commission,* 276 U. S. 467.

We necessarily conclude that, if plaintiff when injured was not engaged in work so directly ·connected with navigation and commerce that to permit the rights of the parties to be controlled by the local law would interfere with the essential uniformity of the general maritime law, then he is bound by the compensation law of this state and he has no right to resort to the admiralty court. Is the case

before us a matter of local concern within the above rule?

In *Grant Smith-Porter Co. v. Rohde, supra,* where a carpenter, engaged in the construction of a ship nearly completed, was injured, and where the parties had accepted and proceeded under a workmen's compensation statute, it was held to be a matter of local concern.

In *Millers Indemnity Underwriters v. Braud, supra,* a diver submerged himself from a floating barge anchored in a navigable river for the purpose of sawing off timbers of an abandoned set of ways which had become an obstruction to navigation. The air supply failed and the diver suffocated. It was held to be a matter of local concern and that the state compensation law applied.

In *Sultan Railway & Timber Co. v. Department of Labor,* 277 U. S. 135, the injuries in question arose out of employment on a navigable river in assembling logs in booms for towage. Recovery was permitted under the state compensation law, the court saying: "It is settled by our decisions that where the employment, although maritime in character, pertains to local matters, having only an incidental relation to navigation and commerce, the rights, obligations and liabilities of the parties, as between themselves, may be regulated by local rules which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity."

In *Woods v. Merrill-Stevens Dry Dock & Repair Co.,* 14 Fed. Supp. 208, the court said: "What work has a direct relation to navigation or commerce must be determined with reference to the surrounding circumstances of each case. * * * All torts are not maritime in character and of exclusive admiralty jurisdiction merely because they occur on navigable waters. * * * Where the circumstances out of which the tort arises are nonmaritime in character or of purely local concern, a local statute regulating liability may abrogate a remedy in admiralty which otherwise might exist. * * * The state statute may therefore prescribe an exclusive remedy to compensate such employee for injury in these circumstances."

Measured by the law laid down by the authoritative court, it is our opinion that plaintiff is within the terms of the workmen's compensation law of this state. Manifestly, the work in which plaintiff was engaged was purely local in nature; it had no direct relation to commerce or navigation; and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law, nor interfere with the harmony or uniformity of that law in its international or interstate relations. The compensation law of this state provides the only remedy. It, being exclusive, abrogates the right of plaintiff to resort to the admiralty court.

The trial court properly directed a verdict for defendant and the judgment entered thereon is

AFFIRMED.