MASSMAN CONSTRUCTION COMPANY, APPELLANT, V. NEBRASKA WORKMEN'S COMPENSATION COURT ET AL., APPELLEES.

3 N. W. (2d) 639

FILED APRIL 17, 1942. No. 31287.

*Thomas E. Dunbar*, for appellant.

*Frank M. Coffey, Frank A. Dutton* and *Carl Sanden*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is an application by plaintiff, appellant herein, for a temporary and permanent injunction, and appears to have been prosecuted by it under and pursuant to sections 20-1062 to 20-1080, Comp. St. 1929, a part of our Civil Code.

The action was commenced by the filing of a petition on January 4, 1939, in the district court for Otoe county by the Massman Construction Company, a corporation, as plaintiff, against "Nebraska Workmen's Compensation Court; Frank M. Coffey, Presiding Judge of the Nebraska Workmen's Compensation Court; Charles E. Jackman, Judge of the Nebraska Workmen's Compensation Court; Lawrence F. Welch, Judge of the Nebraska Workmen's Compensation Court; Carl F. Belk; and Frank A. Dutton, attorney for Carl F. Belk, defendants." This petition contains copies of each of the motions, applications, petitions, answers, and special appearances hereinafter mentioned and referred to, which are expressly made a part thereof, and in addition aptly and fully alleges and pleads: (1) The official character of the defendant members of the Nebraska workmen's compensation court; (2) that the defendant Belk on or about July 23, 1935, filed in the Nebraska workmen's compensation court his petition for relief against the plaintiff herein because of certain physical injuries received by him while in the employment of plaintiff, and arising out of and in the course of the same. Issue was duly joined by plaintiff herein on the allegations of such petition and trial was had by and before one of the judges of the compensation court on August 29, 1935, and a temporary award dated October 11, 1935, was entered in favor of Belk. Plaintiff in this action paid Carl F. Belk thereon the sum of $510. Thereafter on October 18, 1935, an application for rehearing of said award before the entire court, as provided by law, was filed by the Massman Construction Company. Before such rehearing was ever had, and while said application therefor was pending, Carl F. Belk, on February 11, 1936, filed a request and motion for dismissal, and moved the Nebraska workmen's compensation court to make and enter an order in the cause for the dismissal of any and all claims or awards for benefits to which he might be otherwise entitled under the Nebraska workmen's compensation act, and acts amendatory thereof, arising out of the accident for which recovery was sought in and by the petition heretofore re-

ferred to, which was filed July 23, 1935, in said court. The Nebraska workmen's compensation court, on February 11, 1936, entered an order in the cause sustaining such motion and finally dismissing the same. Thereupon, for and in lieu of the cause of action so dismissed, defendant, Carl F. Belk, commenced an action against this plaintiff in the district court for Otoe county, Nebraska, under the Seaman's Act (41 U. S. St. at Large, 1007, ch. 250, sec. 33, 46 U.S.C.A. sec. 688), alleging as the basis of his claimed recovery a claim for $30,000 damages for the same injuries on and for which such Belk originally, on July 23, 1935, filed his petition against this plaintiff in the Nebraska workmen's compensation court. Plaintiff filed its pleading in said cause taking issue with the claims of defendant Belk, and upon trial thereof in the district court a judgment was made and entered in that court in favor of this plaintiff and against Belk, and finally dismissing his cause and denying a recovery therein. On Belk's appeal taken to the supreme court of Nebraska, such judgment was in all respects affirmed (*Belk v. Massman Construction Co.*, 133 Neb. 303, 275 N. W. 76), and upon his application to the supreme court of the United States for review a writ of certiorari was denied. *Belk v. Massman Construction Co.*, 303 U. S. 641, 58 S. Ct. 647.

It further appears that thereafter on May 25, 1938, Carl F. Belk, and his attorney Frank A. Dutton, "did file a petition for compensation alleging the same injuries referred to in his original petition" filed in the Nebraska workmen's compensation court on July 23, 1935. Issue was joined in that cause by the plaintiff herein by its answer in writing which raised, "among other things, the defense of the statute of limitations," and challenged the jurisdiction of the Nebraska workmen's compensation court to now hear and determine said cause. But the defendants, Nebraska workmen's compensation court and the judges thereof, ordered a hearing on the above last mentioned petition and answer, to be held at the court house in Nebraska City, Otoe county, Nebraska, on January 5, 1939, commencing at 9 o'clock a. m. Further, the Nebraska workmen's compensation court and

the judges thereof, defendants herein, and especially by order of Frank M. Coffey, presiding judge thereof, caused plaintiff to be served with notice of a purported rehearing in the first mentioned action for compensation, which had been finally dismissed by order of such compensation court by its order duly entered in said cause on February 11, 1936. Plaintiff avers that each of said orders last referred to were unwarranted in law and made and entered without jurisdiction, and that the Nebraska workmen's compensation court is wholly without authority or jurisdiction to proceed further therein, but will do so unless enjoined. Also, "that the defendant, Carl F. Belk, for the reasons herein stated, had abandoned his said case and claim for compensation originally filed by him, and this plaintiff is threatened with a multiplicity of suits and will be placed at great inconvenience and expense unless said Nebraska workmen's compensation court, the judges thereof, and the defendant, Carl F. Belk, and his attorney, Frank A. Dutton, are enjoined from proceeding with said rehearing." This plaintiff further avers that, by reason of the premises set forth in its said petition, "this plaintiff is without an adequate remedy at law and will suffer irreparable injury and denial of the equal protection of the law." To this petition this plaintiff added the following prayer:

"Wherefore, plaintiff prays that the court restrain and enjoin and prohibit said defendants, and each of them, from proceeding with the purported rehearing in the case of Carl F. Belk vs. this plaintiff, in the Nebraska workmen's compensation court, and from proceeding to hear the second case on the second action for reasons herein, as threatened by said defendants, and as alleged in plaintiff's petition, and that pending hearing on a temporary injunction that a restraining order issue and be entered herein restraining and prohibiting defendants herein, and each of them, from proceeding further on any purported rehearing until this injunction case can be heard upon its merits, and that upon a restraining order issuing herein that there be a rule fixed for hearing and to show cause why a temporary injunction

should not issue and at and within the time provided by law, and that during such time the defendants be restrained from any rehearing, and hearing the second action filed in said compensation case, and that upon final hearing, a writ of prohibition issue against defendants and that said defendants be perpetually enjoined and prohibited from such acts, and for such other and further relief as to this court may seem just and equitable."

Upon this petition, and affidavit in support thereof, and a bond conditioned as required by order of the district court for Otoe county, that court on January 4, 1939, made and entered a restraining order "restraining the defendants from proceeding on any rehearing in the case of Carl F. Belk vs. Massman Construction Company, a corporation, in the Nebraska workmen's compensation court."

Thereafter demurrers were filed to said petition, and motions to dissolve the restraining order were made, all of which were overruled by the district court, and the restraining order was continued in force. Thereupon answers were filed by all defendants, all of which, among other defenses, challenged the contention that the plaintiff possessed no adequate remedy at law. To these separate answers the plaintiff filed replies putting the allegations thereof in issue. On April 28, 1941, the district court for Otoe county entered its final judgment herein finding "generally upon the record, pleadings and evidence for the defendants," and further "ordered that the writ of prohibition be and hereby is denied, the restraining order is dissolved and this suit is dismissed at plaintiff's costs." From the order of the district court overruling its motion for a new trial, the plaintiff, Massman Construction Company, appeals.

The action instituted and prosecuted by the plaintiff, especially in view of the issues presented for trial therein, is clearly an equitable action for injunctive relief. The addition to the prayer of a request for granting the issuance of a "writ of prohibition" is wholly ineffectual to alter or change the fundamental character of the proceeding.

True, in Nebraska, we have held that "The district courts

of this state have ample powers to administer, in proper cases, the remedy which a writ of prohibition affords." *State v. Barney,* 133 Neb. 676, 276 N. W. 676. See, also, *City of Lincoln v. Nebraska Workmen's Compensation Court,* 133 Neb. 225, 274 N. W. 576. This resulted from the legislative adoption of the common law of England, which was effective to adopt as part thereof the procedure of prohibition as it anciently existed at common law, and vested our district courts with original jurisdiction to administer the same. *State v. Barney, supra.* But "prohibition" is essentially and wholly a proceeding at common law. And it is even held that, "It seems that proceedings upon a petition for a writ of prohibition must be considered as on the common-law side of a court having both common-law and equity powers." *Smith v. Whitney,* 29 L. Ed. 601 (116 U. S. 167, 6 S. Ct. 570).

It is quite the general rule that, "An injunction will not be granted when relief may be obtained * * * by a writ of prohibition." 32 C. J. 66.

The general rule also obtains that, "Courts of equity do not issue writs of prohibition." 21 Standard Ency. of Procedure, 814.

The plaintiff having instituted and prosecuted this case in the district court as an equitable action, and, after a complete hearing as such was had thereon, now seeks strictly a common-law relief therein, which a court of equity in the exercise of its equitable powers may not grant, and which, if originally presented as a case for original relief, such court, as a court of equity, would have no jurisdiction to entertain. It would seem within the reasons of the rule announced by the supreme appellate court of New York, as follows: "'The opinion in this court, in *Mann v. Fairchild* (2 Keyes, 106, 111 *et seq.*), is that, "if a party brings an equitable action, even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds, or fail, even though he may prove a good cause of action at law on the trial." See, also, *Heywood v. Buffalo,* 14 N. Y. 534, 540.'" *Loeb v.*

*Supreme Lodge, Royal Arcanum*, 198 N. Y. 180, 91 N. E. 547.

It follows, in view of the nature of the litigation then before it, that the action of the district court in refusing the issuance of a writ of prohibition in this cause is approved.

There remains for our consideration the denial by the district court of plaintiff's prayer for an injunction and the dismissal of that action. In the instant case the Nebraska workmen's compensation court and the several judges thereof were made defendants officially, and the relief sought was that they might be enjoined as a tribunal created by law and as individual members thereof. Belk and his attorney were also made parties defendant, but no action was as to them enjoined save and except participation in the proceedings which the Nebraska workmen's compensation court was enjoined from holding. This constituted an error. The general rule in equity, applicable and controlling, is: "It is well understood that injunction to stay proceedings in courts of law is not directed against the court itself, but against the parties to the proceeding." Lewis & Spelling, Law of Injunctions, 184, sec. 86.

A more extended statement of the principles involved in and controlling the instant litigation is the following:

"In injunction, as in other suits, equity acts *in personam.* In the exercise of its power to restrain judicial proceedings in other courts or tribunals, courts of equity proceed not upon any claim of right to interfere with or control the course of proceedings in other tribunals or to prevent them from adjudicating on the rights of parties when drawn in controversy and duly presented for their determination, but upon the theory that having jurisdiction of the persons of those involved, it may compel them to do or to refrain from doing whatever the equities of the case may require. An injunction decree or order restraining actions or proceedings in another court or quasi-judicial body is directed only to the parties. It is not addressed to the court or other tribunal and is in no sense a prohibition on it in the exercise of its jurisdiction." 28 Am. Jur. 381, sec. 191.

Further, with reference to restraining proceedings at law an authority has stated the controlling rule as follows:

"Since the injunction acts upon the parties to the cause and not the court, neither the judge of the court in which the cause is pending, nor the attorneys, should be made parties defendant to a suit to enjoin an action at law, though all the parties interested in the action at law are necessary parties." 13 Standard Ency. of Procedure, 31. See, also, *Shaw v. Goodman*, 135 Ga. 230, 69 S. E. 173; *Ely v. Lowenstein*, 9 Abb. Pr. n. s. (N. Y.) 37; *Kircher v. Pederson*, 117 Wis. 68, 93 N. W. 813; *Hastings v. Belden*, 55 Vt. 273.

Again, "An injunction will not be granted to restrain an official in the exercise of his official functions; the writ lies only against suitors in the proceedings before him." *Stone v. King-Hodgson Co.*, 140 Ga. 487, 79 S. E. 122.

It is obvious that the plaintiff is entitled to no relief against the Nebraska workmen's compensation court, or against the official members thereof or any of them; and that Frank A. Dutton as attorney for Carl Belk, defendant, was improperly made a party defendant in said cause, and the plaintiff is not entitled to receive and recover any relief against him. While, under the peculiar facts in this case, it may be a serious question whether an equitable cause of action is pleaded against defendant Belk, still we prefer to put our decision of that issue on the basis that, in the application of the rule that equity will withhold its injunctive relief where it appears that the remedy at law is plain, adequate and complete, it may where such is the case refuse to grant an injunction to restrain judicial proceedings. There is no occasion for equity's interference where the Nebraska workmen's compensation court in the action before it does, and is empowered to do, as full justice to the parties and to the matter in dispute as can be done in equity. If the controversy is such as would be decided by a court of equity upon grounds equally available at law, or before the compensation court, the usual legal action will not be enjoined when the ground upon which the injunction is sought may be interposed as a defense to such legal action.

Unquestionably, every matter upon which the plaintiff relies to support its equitable action in the instant case may be properly considered as a defense in the proceeding before the compensation court, and entitled to such weight as under the law it may rightfully have and possess.

It follows that the judgment of the district court in this cause refusing the issuance of the injunction by plaintiff prayed for, and dismissing its equitable action, was in all respects correct, and is

AFFIRMED.