STATE OF NEBRASKA EX REL. WILLIAM G. LINE, COUNTY
ATTORNEY IN AND FOR DODGE COUNTY, NEBRASKA,
APPELLANT, V. RICHARD. L. KUHLMAN, POLICE JUDGE
OF THE CITY OF FREMONT, NEBRASKA, APPELLEE.

94 N. W. 2d 373

Filed January 16, 1959.   No. 34474.

·*Clarence S. Beck*, Attorney General, and *William G. Line*, for appellant.

*E. L. Mahlin*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from a judgment of the trial court dissolving a temporary writ of prohibition and denying a writ of prohibition.

The State appeals. The appellant will be referred to herein as the State and the appellee as defendant.

We affirm the judgment of the trial court.

We have held that: "This court will * * * take judicial notice of the fact that a bill of exceptions was not prepared, served, returned, or settled and allowed within the time provided by statute, and therefore cannot be considered on appeal." Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 33, 74 N. W. 2d 854.

By the provisions of section 25-1140, R. R. S. 1943, the bill of exceptions must be reduced to writing within 40 days from the time notice of appeal is filed with

the clerk of the district court unless extended as provided in section 25-1140.07, R. R. S. 1943. The notice of appeal was filed on May 21, 1958. The 40 days provided by this section expired on June 30, 1958. We held in Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* that where no extension of time is granted under section 25-1140.07, R. R. S. 1943, "* * * the bill must be prepared within 40 days after the filing of the notice of appeal, it must be served on the adverse party within 50 days thereafter, it must be examined and returned by the adverse party within 60 days, and it must be settled and allowed within 70 days. These limitations as to time are mandatory and they may not be waived."

Exceptions are reduced to writing within the meaning of section 25-1140, R. R. S. 1943, on the day the court reporter certifies the draft as the bill of exceptions in the case. Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra.*

The certificate here shows that the bill of exceptions was reduced to writing within the above rule on July 17, 1958, or on the 17th day after the statutory time had expired.

Section 25-1140.03, R. S. Supp., 1957, provides that the bill of exceptions shall be served on the adverse party within 10 days after the time prescribed in section 25-1140, R. R. S. 1943, or, if extended, within 10 days after the time prescribed in section 25-1140.07, R. R. S. 1943. Here the bill was served on the adverse party on July 26, 1958. That service was 16 days late under the statute.

Section 25-1140.04, R. S. Supp., 1957, provides that the bill shall be returned by the adverse party within 10 days.

We held in Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* that the aggregate time allowed for the performance of any of the statutory steps is not shortened or advanced by completing any of the

steps enumerated in advance of the time limited by statute.

Here the bill was returned to the appellant on July 29, 1958. That step was 9 days late under the statute. The bill was settled and allowed on July 31, 1958, which was beyond the total period of 70 days allowed by section 25-1140.05, R. R. S. 1943, for the settlement and allowance of the bill.

We have discussed these statutory provisions in Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra;* Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630; Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137; and Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82. We need not here set out again the full holdings there made.

An extension of time may be had under the provisions of section 25-1140.07, R. R. S. 1943. "The extension is limited by the statute to the terms appearing in such order, and where the extension granted is less than 40 days, or the extension is circumscribed by other conditions or limitations, the limitations of time contained therein and the conditions of the order must be complied with." Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra.*

An extension of time for the preparation of the bill is directly provided for in section 25-1140, R. R. S. 1943. An extension so had extends the period of time for service on the adverse party under section 25-1140.03, R. S. Supp., 1957. It likewise extends the time for return by the adverse party under section 25-1140.04, R. S. Supp., 1957. It likewise extends the time for settlement and allowance of the bill by the court under the provisions of section 25-1140.05, R. R. S. 1943.

It is clear that an extension of time under section 25-1140.07, R. R. S. 1943, for one of the latter separate mandatory steps above described does not relate back to nor extend the time fixed by statute for the previous procedures.

The above discussion is brought about by this situation: On July 26, 1958, while the bill of exceptions is shown to have been in the possession of the defendant, the State filed an application for an order extending the time in which the bill of exceptions may be allowed. The court granted the application "for settling and allowing the Bill of Exceptions." That order did not relate to nor affect the statutory "mandatory" and "may not be waived" provisions for the preparation, service, and return of the bill. "The design of the statute is to allow a fixed time within which a bill of exceptions must be reduced to writing, served on the adverse party, returned, and submitted to the trial judge for settlement and allowance. The trial judge is without authority to allow a bill of exceptions not prepared in the manner and within the times fixed." Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra*.

The bill of exceptions here cannot be considered.

The rules are: "In the absence of a bill of exceptions there is no question of fact determined by the district court for review in this court and no question will be considered here, a determination of which necessitates an examination of evidence produced in the trial court." Benedict v. State, *supra*.

"In the absence of a bill of exceptions it is presumed that an issue of fact presented by the pleadings was established by the evidence, that it was correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment." Bryant v. Greene, *supra*.

The trial court found that the permanent writ of prohibition should not be granted and that the temporary writ should be dissolved. It so decreed. The question, then, is: Did the trial court err in its findings and judgment?

It made no findings of fact upon which its action was based. Our task, then, is to determine what issues

of fact were presented by the pleadings which we may presume were established by the evidence.

Defendant is the duly elected and acting police judge of the city of Fremont. On December 30, 1957, the defendant, as police judge, on a plea of guilty, found one O'Hare guilty of careless driving, and assessed a fine of $5 and costs, which O'Hare paid.

On February 17, 1958, O'Hare filed an application requesting permission to withdraw his plea, and plead not guilty. The application was granted and the case set for trial March 17, 1958. Trial was had and O'Hare was found not guilty.

The defendant intended to certify the result of the proceeding of March 17, 1958, to the Director of the Department of Motor Vehicles. Section 39-794, R. S. Supp., 1957, provides that "In the event that such person is convicted" a certified abstract of the judgment shall be sent to the Director of the Department of Motor Vehicles.

The State prayed for a writ of prohibition preventing the defendant from certifying the results of the hearing of March 17, 1958, to the director.

In his answer in the trial court the defendant alleged that it was his duty to make certification of the proceedings under the above statute "where certain violations are involved" and asserted it to be an administrative duty. His answer in the trial court does not deny but rather affirms an intent to make the certificate to the director.

Our question, then, is: Should the court have issued a writ of prohibition preventing the certification of the result of the hearing of March 17, 1958?

We held in State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676, that: "The district courts of this state have ample powers to administer, in proper cases, the remedy which a writ of prohibition affords. * * * Prohibition is a preventive remedy rather than a corrective one."

It is clear that section 39-794, R. S. Supp., 1957, requires that the certified abstract of the judgment be sent to the Director of the Department of Motor Vehicles only in cases where the accused "is convicted or that his bail is forfeited." The question still remains as to whether the writ of prohibition should issue where action purporting to be under the statute is intended by the defendant. In Massman Construction Co. v. Nebraska Workmen's Compensation Court, 141 Neb. 270, 3 N. W. 2d 639, we held: "Prohibition is derived from the common law and is essentially and wholly a proceeding at law. Courts of equity do not issue writs of prohibition."

By quotation in Conkling v. DeLany, *ante* p. 4, 91 N. W. 2d 250, it was held: " 'Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, * * *.' "

The rule is stated in 73 C. J. S., Prohibition, § 8, p. 26, as follows: "In general, three things are necessary to justify the issuance of a writ of prohibition; that the court, officer, or person against whom it is directed is about to exercise judicial or quasi-judicial power, that the exercise of such power by such court, officer, or person is unauthorized by law, and that it will result in injury for which there is no other adequate remedy."

In Payne v. Lee, 222 Minn. 269, 24 N. W. 2d 259, it was held that: "A writ of prohibition lies to prevent any inferior court from exceeding its legitimate power and authority."

The corollary of the rule is stated in the texts as follows: "At common law it is well settled that a writ of prohibition must be directed to some judicial tribunal or officer. In other words, it lies only to prevent or control judicial or quasi-judicial action, as distinguished from legislative, executive, or ministerial action." 42 Am. Jur., Prohibition, § 11, p. 150. "In the absence of

statute, a writ of prohibition ordinarily issues to restrain judicial or quasi-judicial functions or acts only, and not to prevent acts of a legislative, ministerial, administrative, political, governmental, or executive character." 73 C. J. S., Prohibition, § 7, p. 23.

The remaining question is whether the act which the defendant was threatening to do was a ministerial act or a judicial one.

In Whipple v. Hill, 36 Neb. 720, 55 N. W. 227, 38 Am. S. R. 742, 20 L. R. A. 313, we held that: "The issuance or service of legal process, such as a summons, execution, or writ of attachment, is merely a ministerial act, * * *."

In Mitchell v. County of Clay, 69 Neb. 779, 96 N. W. 673, we held that: "When the law commits to any officer the duty of looking into facts and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is quasi judicial. * * * Whenever the course to be pursued or the amount to be allowed is fixed by law, they must follow the law, and their acts in so doing or endeavoring so to do are ministerial only." (This case was reversed on rehearing for reasons not involved in the above rule of law. See 69 Neb. 795, 98 N. W. 662.)

In Larson v. Marsh, 144 Neb. 644, 14 N. W. 2d 189, 153 A. L. R. 101, we held that: "A ministerial act has been defined as one performed in response to a duty which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion."

In Mekota v. State Board of Equalization & Assessment, 146 Neb. 370, 19 N. W. 2d 633, we quoted with approval this definition: " 'A ministerial act may * * * be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or

the exercise of, his own judgment upon the propriety of the act being done.' "

It necessarily follows that the act which the State here seeks to prevent by writ of prohibition is at best a ministerial act and not one of a judicial or quasi-judicial nature.

The trial court did not err in denying the writ. Its judgment is affirmed.

AFFIRMED.