Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/23/2018 09:14 AM CST

JAMES R. ZELENY, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
___ N.W.2d ___

Filed December 1, 2017.    No. S-16-953.

1. **Judgments: Appeal and Error.** Generally, the appropriate standard of review for an order granting relief by way of a writ of prohibition is de novo.
2. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court has jurisdiction to review a judgment rendered or final order made by the district court.
3. **Judgments: Final Orders: Words and Phrases.** According to Neb. Rev. Stat. § 25-1301(1) (Reissue 2016), a judgment is the final determination of the rights of the parties in an action.
4. **Actions: Jurisdiction.** A motion for a writ of prohibition is an action.
5. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** An appellate court's jurisdiction is limited to the judgment or final order from which the appeal is taken.
6. **Final Orders: Jurisdiction: Appeal and Error.** An appeal from a final order may raise, on appeal, every issue presented by the order that is the subject of the appeal. But that jurisdiction does not extend to issues that are not presented by the final order, because an appellate court's jurisdiction to grant relief pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016) is limited to reversal, vacation, or modification of the final order from which the appeal is taken.
7. **Jurisdiction: Words and Phrases.** In modern practice, the writ of prohibition is an extraordinary writ, issued by a superior court to an inferior judicial tribunal to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has control, or from exceeding its legitimate powers in a matter of which is has jurisdiction.
8. **____: ____.** Prohibition is a preventative remedy rather than a corrective one.

9. **Jurisdiction.** Mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, both because there has been no usurpation or abuse of power and because there exist other adequate remedies.

10. ____. In general, three things are necessary to justify the issuance of a writ of prohibition: (1) that the court, officer, or person against whom it is directed is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power by such court, officer, or person is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy.

Appeal from the District Court for Fillmore County: RICKY A. SCHREINER, Judge. Affirmed.

Chad J. Wythers, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

HEAVICAN, C.J.

## INTRODUCTION

James R. Zeleny's petition for a writ of prohibition was denied. He appeals. We affirm.

## FACTUAL BACKGROUND

Zeleny was charged by information in the county court with operating a motor vehicle "while under the influence of alcoholic liquor or . . . when he had a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." That charge was enhanced with the allegation that Zeleny's alcohol level was "fifteen hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath."

Pursuant to a plea agreement, Zeleny was charged with "driving under the influence of alcohol, first offense, under

.15." A separate charge of failure to give information at an accident scene was dismissed. Zeleny was given verbal notice of this amendment at a hearing on the plea agreement, but the original complaint was not amended by interlineation and an amended information was not filed. Zeleny pled guilty to the single charge, as verbally amended.

At the hearing before the county court, a factual basis for the crime was established, with the State indicating Zeleny had called law enforcement to report that he was involved in a single-vehicle accident. Zeleny reported that he had crashed into some cattle, drove the vehicle involved in the crash to his home, and returned to the scene in a different vehicle. The responding officer observed the odor of alcohol on Zeleny's person and noted that Zeleny's voice was slurred and his eyes were watery and bloodshot. Zeleny failed a preliminary breath test and field sobriety tests. He was arrested and transported to a nearby hospital, where a blood sample was drawn. That sample tested at a blood alcohol content of .297.

Prior to sentencing, Zeleny filed a motion to arrest judgment in the county court, which was denied. Zeleny then filed a petition for a writ of prohibition with the district court, asking that the court restrain the county court from sentencing him in the underlying case for driving under the influence. Zeleny's petition for a writ was denied. The basis for both motions was Zeleny's contention that there was an insufficient factual basis to support his plea; specifically, Zeleny argues that he was charged with driving under the influence by a measurement of *breath*, while the factual basis indicated that the crime was committed by a measurement of *blood*. Zeleny appeals.

## ASSIGNMENTS OF ERROR

Zeleny assigns that (1) the county court erred in denying appellant's motion to arrest judgment and (2) the district court erred in denying his motion for a writ of prohibition.

## STANDARD OF REVIEW

[1] Generally, the appropriate standard of review for an order granting relief by way of a writ of prohibition is de novo.[1]

## ANALYSIS

*Issues on Appeal.*

As an initial matter, we must consider what issues are before us in this appeal. Zeleny attempts to appeal the county court's denial of his motion to arrest judgment and the district court's denial of his motion for a writ of prohibition. The State contends that only the denial of the motion for a writ of prohibition is properly before us.

[2-4] An appellate court has jurisdiction to review a "judgment rendered or final order made by the district court."[2] According to Neb. Rev. Stat. § 25-1301(1) (Reissue 2016), a "judgment is the final determination of the rights of the parties in an action." We have previously indicated that a motion for a writ of prohibition is an action.[3] The denial of Zeleny's writ of prohibition, then, was a final determination of that action. Thus, the assignment of error relating to the writ of prohibition is properly before this court.

[5,6] But we do not have jurisdiction over the denial of the motion to arrest judgment filed in the county court. An appellate court's jurisdiction is limited to the judgment or final order from which the appeal is taken.[4] An appeal from a final order may raise, on appeal, every issue presented by the order that is the subject of the appeal. But that jurisdiction does not extend to issues that are not presented by the final order, because an appellate court's jurisdiction to grant relief pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016) is limited

---

[1] 72A C.J.S. *Prohibition* § 91 (2015).

[2] Neb. Rev. Stat. § 25-1911 (Reissue 2016).

[3] *State, ex rel. Wright, v. Barney*, 133 Neb. 676, 276 N.W. 676 (1937).

[4] *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

to reversal, vacation, or modification of the final order from which the appeal is taken.[5]

In other words, while an appellate court can reverse, vacate, or modify a final order, it cannot address issues that do not bear on the correctness of the final order upon which its appellate jurisdiction is based.[6] Without opining on the finality of the county court's order denying Zeleny's motion to arrest judgment, we observe that it appears Zeleny did not file a separate notice of appeal from that order. And even if he had filed a notice of appeal in the county court, the appeal would have run to the district court in a separate proceeding from that initiated by Zeleny's petition for a writ of prohibition. The motion to arrest judgment is simply not before us. As such, we lack jurisdiction to determine the merits of Zeleny's first assignment of error relating to the county court's denial of the motion to arrest judgment.

*Writ of Prohibition.*

We turn to Zeleny's contention that the district court erred in denying the petition seeking a writ of prohibition.

[7] In modern practice, the writ of prohibition is an extraordinary writ, issued by a superior court to an inferior judicial tribunal to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has control, or from exceeding its legitimate powers in a matter of which is has jurisdiction.[7]

[8,9] Prohibition is a preventative remedy rather than a corrective one.[8] Mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to

---

[5] See *id.*

[6] *Id.*

[7] *Conkling v. Delany*, 167 Neb. 4, 91 N.W.2d 250 (1958).

[8] *State of Nebraska ex rel. Line v. Kuhlman*, 167 Neb. 674, 94 N.W.2d 373 (1959).

the extraordinary remedy by prohibition, both because there has been no usurpation or abuse of power and because there exist other adequate remedies.[9] Whatever power is conferred may be exercised, and, if it is to be exercised injudiciously or irregularly, it amounts to an error merely, and not a usurpation or excess of jurisdiction.[10]

Prohibition is a counterpart to a writ of mandamus in that the writ of mandamus is used to compel the performance of certain activities, while a writ of prohibition is used to restrain the performance of certain activities.[11] A writ of prohibition is the legal equivalent of the equitable remedy of injunction.[12]

[10] In general, three things are necessary to justify the issuance of a writ of prohibition: (1) that the court, officer, or person against whom it is directed is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power by such court, officer, or person is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy.[13]

In this case, we agree that the county court is set to sentence Zeleny, which is a judicial power. But the exercise of this power was not unauthorized by law. Contrary to Zeleny's suggestion otherwise, it is plain that a county court has, on these facts, the jurisdiction to sentence Zeleny for his driving under the influence conviction.

Moreover, the issuance of a writ of prohibition was not the only remedy to cure Zeleny's claimed injury. Zeleny complains that his plea was not supported by a sufficient factual basis. Assuming without deciding that this was the case, other

---

[9] *Conkling v. DeLany, supra* note 7.

[10] *Id.*

[11] 72A C.J.S., *supra* note 1, § 1.

[12] *Id.*

[13] See, *Line v. Rouse*, 241 Neb. 779, 491 N.W.2d 316 (1992); *State of Nebraska ex rel. Line v. Kuhlman, supra* note 8.

remedies are available to him. Zeleny could move to withdraw his plea, or he could appeal from his conviction following sentencing. Zeleny has failed to meet the standards for the issuance of such an extraordinary writ.

There is no merit to Zeleny's second assignment of error.

## CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

WRIGHT, J., not participating.