**D. B. BELL, President, Marvin Bell, Secretary, Lee Austin, R. C. Craven and Hazel Walls, Directors of Sevier County High School District No. I, Appellants,**

v.

**HOWARD COUNTY TRAINING SCHOOL DISTRICT NO. 38, Appellees.**

No. 5–3027.

Supreme Court of Arkansas.

June 3, 1963.

John B. Hainen, DeQueen, for appellants.

Don Steel, Nashville, for appellees.

HARRIS, Chief Justice.

At the beginning of school in the fall of 1962, fifty students, who had previously attended Howard County Training School District No. 38, a school district located in two counties, and appellee herein, situated at Tollett in Howard County, transferred to Sevier County High School, District No. 1, located at Lockesburg in Sevier County. Hereinafter, at times, these schools will be referred to as Tollett and Lockesburg. Thirty-five of the fifty children live in still another school district, Mineral Springs School District No. 3, likewise a district in two counties, administered in Howard County. All of the fifty children live in Sevier County, and were transferred upon the individual applications of respective parents or patrons with the approval of Sevier County High School District No. 1 and the Sevier County Board of Education. Tollett School, through its Board of Directors, instituted suit against the directors of Lockesburg, appellants herein, alleging, *in-*

*ter alia,* that such transfer of students could not be made without the approval of the Howard County Board of Education, and that this board had not given its approval. Appellee alleged that it would suffer irreparable damage in state aid for its school district unless appellants were enjoined from permitting the fifty students, "residents of Howard County Training School District No. 38 from attending Sevier County High School District No. 1," and injunctive relief was sought. On trial, the court entered its decree restraining and enjoining appellants from permitting the aforementioned fifty students to attend the Lockesburg School. From such decree, comes this appeal.

The first question in this litigation is whether the fifty students were legally transferred from Tollett to Lockesburg. All facts were stipulated, except that appellants offered some additional evidence by parents of affected students. Part of this evidence was to the effect that the school at Lockesburg was not convenient for the particular students (whose parents testified), and other parents were of the view that their children were better satisfied, and would receive a better education at the Lockesburg School. Portions of the stipulation, which we deem pertinent to a determination of the litigation, not already mentioned in the statement of the case, are as follows:

"On June 1, 1949, the Sevier County Board of Education with the approval of the Howard County Board of Education and with the approval of Howard County Training School District No. 38 authorized and directed the territory that was formerly Paraloma School District No. 54 in Sevier County to become annexed to Howard County Training School District No. 38, and on the same date the Sevier County Board of Education with the approval of the Howard County Board of Education and with the approval of Howard County Training School No. 38 authorized and directed the annexa-

tion of the territory that was formerly Graves Chapel School District No. 60 in Sevier County to Howard County Training School District No. 38. Both of the above mentioned transfers were approved by the State Department of Education. * * *

"Since June 1, 1949, students of what was formerly the Paraloma School District No. 54 and Graves Chapel School District No. 60 have been attending Howard County Training School District No. 38, however, some patrons expressed the desire to attend Sevier County High School District No. 1 located at Lockesburg, Arkansas, and in connection therewith presented petitions to the Sevier County Board of Education to transfer to the Lockesburg School in the years of 1959, 1960 and 1961. For these years the students were refused permanent enrollment to the Lockesburg School. * * *

"Howard County Training School No. 38, because of the annexation orders mentioned above, embraces territory in Howard and Sevier County.

"There are a greater number of inhabitants and students residing in the Howard County portion of Howard County School district No. 38 than in the Sevier County portion of said District, and the Howard County Board of Education administers Howard County School District No. 38. * * *

"Neither the Howard County Training School District No. 38 School Board nor the Howard County Board of Education approved the transfer of said students.

"Mineral Springs School District No. 3 where 35 of the 50 involved students reside is a School District embracing territory in both Howard and Sevier County. There are a larger number of inhabitants and students residing in the Howard County portion of Mineral Springs School District No. 3 than in

the Sevier County portion of said District, and said School District is administered by the Howard County Board of Education."

Neither the stipulation nor the oral evidence reflects whether the thirty five pupils in the last named district, were ever properly transferred from the Mineral Springs District to Howard County Training School District No. 38.

Our statutes authorize a transfer of children from one school district to another. Section 80–1517, Ark.Stats. (1960 Replacement) provides:

"The county board of education shall have power, upon the petition of any person residing in any particular school district, to transfer the children or wards of such person to a district in the same county, or to a district in an adjoining county for school purposes. * * *"

Section 80–1518, Ark.Stats. (1960 Replacement) further sets out:

"From and after the passage of this act no County Board of Education shall make an order transferring any school child or children from one district to another until and unless the consent of the Board of Directors of the district to which such child or children are sought to be transferred has been secured in writing, such written consent to be filed in the office of the County Clerk of the county from which such child or children are to be transferred."

Appellants argue that the paramount authority for any transfer rests within the receiving district, and since the receiving district, in this case, approved the transfer of these children, same is valid. Appellants further rely upon the provisions of Section 80–1527, Ark.Stats. (1960 Replacement), a portion of the "Pupil Assignment Act," [1] and the apparent purpose of offering the testimony of various parents was to come within the provisions of that act.[2]

While we concur that a child cannot be transferred to another district without the consent of the Board of Directors of the receiving district, we do not agree that the paramount authority rests with the Board of the receiving district; rather, a valid transfer requires the "consent" of both the "sender" and the "receiver." The transfer must be made by the County Board of Education in which the "sending" district is located (§ 80–1517), or in the case of adjoining districts, by mutual agreement between the two local Boards of Education ("sending" and "receiving").[3]

Pertinent portions of § 80–414 (1960 Replacement) read as follows:

"Districts may be formed embracing territory in two (2) or more counties on order of the County Board of Education in each county where a part of the district will be situated, and changes of boundaries of school districts in such situations may be made in the following manner: When copies of a petition of a majority of the qualified electors in each district affected, praying for the formation of such a district, are presented to the County Board of Education concerned, the County Board of Education of the county in which lives

1. This act was held valid in the case of Dove v. Parham, D.C., 176 F.Supp. 242.

2. Section 80–1527 deals with factors considered in assignment of pupils, and *inter alia*, provides that the local board of education shall consider "the availability of transportation facilities; * * * the psychological qualification of the pupil for the type of teaching and associations involved; * * * the choice and interests of the pupil."

3. Section 80–1528 (1960 Replacement) provides: "A local Board of Education may, by mutual agreement, provide for the admission to any school of pupils residing in adjoining districts whether in the same or different counties, and for transfer of school funds or other payments by one Board to another for or on account of such attendance."

the largest number of inhabitants of the territory affected shall, within five (5) days, give notice to the county and district boards affected of a hearing to be held not less than ten (10) days nor more than thirty (30) days from the date of said notice, to be held at some designated time and place in the proposed district. The County Board of Education, or their duly constituted representatives, of each county in which territory of the proposed district is situated, shall attend such hearing, and shall consider such facts as they may deem pertinent for consideration in the formation of the proposed district. Within five (5) days after said hearing the County Board of Education of each county in which territory of the proposed district is situated, if in the judgment of said boards such a district should be formed, shall issue an order transferring the territory affected in their respective counties, to the proposed district. Said order shall be filed with the county supervisor of each respective county and with the county supervisor of the county in which is situated the largest number of inhabitants of the territory affected. Such district thus formed, for all school purposes, shall be thereafter a part of the county in which is situated the largest number of inhabitants of the territory affected. * * *"

█ It is stipulated in this litigation that "there are a greater number of inhabitants and students residing in the Howard County portion of Howard County School District No. 38 than in the Sevier County portion of said district, and the Howard County Board of Education administers Howard County School District No. 38." It is also admitted that neither the Howard County Board of Education nor the Howard County Training School District No. 38 school board approved the transfer of these students. Thus, the pupils were not trans-

ferred in accordance with the provisions of either § 80–1517 or § 80–1528. It follows that the transfer was not properly made.

A similar dispute arose in Gillham School Dist. No. 47 of Sevier and Polk Counties v. Millard, 203 Ark. 1121, 160 S.W.2d 215. There School District No. 47 included territory in both Sevier and Polk Counties, with the larger number of its inhabitants residing in Sevier County. The County Board of Education, or County Court, of Polk County transferred a number of students from District No. 47 to District No. 79, which embraced territory in only Polk County. This Court, in holding that the action of the Polk County authority in making such transfer was illegal, said:

"The trial court found, and the undisputed facts sustain the finding, that a majority of the inhabitants of district No. 47 reside in Sevier county. Section 11486 [4] provides in part that 'for all school purposes such district, situated in two or more counties, shall be a part of the county in which is situated the largest number of inhabitants of the territory affected'. District No. 47, under the statute, is a Sevier county district for all school purposes, and its domicile is in Sevier county. * * * That part of Polk county embraced in District No. 47 being in Sevier county for all school purposes, it follows that Sevier county authorities and not Polk county authorities have and had the right to transfer students or pupils out of District No. 47 into District No. 79 upon proper application. Polk county officials had no authority or jurisdiction to transfer students or pupils out of the Sevier county district to District No. 79, and the order doing so being void is subject to collateral attack."

The Pupil Assignment Act can be of no aid to appellants for § 80–1527 only authorizes a county board of education [5] to assign

4. This section is the same as the present § 80–414.

5. Also referred to as "local boards of education." See § 80–1526.

or transfer students to other schools *"within its jurisdiction."* Here, the transfers were made by Sevier County High School District No. 1 and the Sevier County Board of Education. Neither had jurisdiction over pupils of Howard County School District No. 38 and the purported transfer was consequently not properly made.

However, the omission in the stipulation as to whether the Mineral Springs children were originally properly transferred to Howard County Training School District No. 38, necessitates a remand of this cause for further proceedings relative to the status of the thirty-five children who live in the Mineral Springs district. It is not clear whether this point was presented to the trial court, but appellants, in their brief, strenuously argue that no showing has been made that any of these thirty-five children have ever been transferred to the Tollett District, and that a "majority of the involved children do not live within the Tollett District, have never lived in the Tollett District and are not in any way a part of the Tollett District."

 While, as stated, the transfer of the fifty children to Sevier County High School District No. 1 was not legally made, still if these children were never legally transferred from Mineral Springs to the Tollett School, the board of the latter district cannot be heard to complain. The Howard County Board of Education is not a party to this law suit, nor is the board of Mineral Springs School District No. 3. These boards have made no complaint—have sought no relief—and unless these thirty-five children have been previously properly transferred from the Mineral Springs District to Howard County Training School District No. 38, appellee has no standing to question the action of the Sevier County Board of Education and Sevier County High School District No. 1.

As to the fifteen children (formerly in the Paraloma and Graves Chapel School Districts which were annexed to Howard County Training School District No. 38)

the decree is affirmed, but the cause is remanded to the Sevier County Chancery Court with directions to conduct further proceedings for the purpose of determining whether the thirty-five students who reside in Mineral Springs School District No. 3 were legally transferred from that district to Howard County School District No. 38, and upon making such determination, to enter a decree consistent with this opinion.

It is so ordered.