CORD-CHARLOTTE SCHOOL DISTRICT
NO. 8 *v.* INDEPENDENCE
COUNTY BOARD OF EDUCATION et al

80-145                                    608 S.W. 2d 12
Supreme Court of Arkansas
Opinion delivered November 24, 1980
[Rehearing denied December 22, 1980.]

*Seay & Bristow*, by: *Bill W. Bristow*, for appellant.

*G. Ross Smith, P.A.*, for appellees.

FRANK HOLT, Justice. This case involves the validity of the transfer of 31 students by the Independence County School Board, pursuant to their parents' petition, from the Cord-Charlotte School District No. 8 to the adjoining Newark School District No. 33. Both districts are in that county.

It appears that in 1951, the Cord area and Charlotte area were consolidated into one district. In 1972, after a study of the facilities in the district, the State Board of Education recommended, *inter alia*, that the facilities (the elementary school at Cord and the high school at Charlotte) be consolidated or located at one site. In 1979 a bond issue was narrowly approved in a heated election for the purpose of financing construction of a new elementary facility at Charlotte. The elementary school at Cord would be closed and all children in the district would attend school at Charlotte. Subsequently some parents of the Cord area enrolled their childen in the contiguous Newark District with its approval. Thereupon, Cord-Charlotte filed an action in chancery court to enjoin the Newark District from accepting these students. During the pendency of that action, the students' parents petitioned the County School Board for transfer approval, asserting their concern about the quality of education their children were afforded at Cord-Charlotte and also the existence of ill will between the students' parents, the superintendent and the board members of the Cord-Charlotte District, A hearing was held and the board approved the transfer. The chancellor then ruled that, although the

students' initial attendance was illegal, the action of the school board constituted a legal transfer and could only be challenged by appeal to the circuit court. Appellant appealed the board's decision to the circuit court pursuant to Ark. Stat. Ann. § 80-236 (Repl. 1980). That court, after considering the transcript and exhibits from the board's proceeding and hearing additional evidence, upheld the actions of the school board. This appeal results.

The appellant asserts several errors concerning procedural matters before the county board and, also, questions the sufficiency of the evidence to support the board's decision. Primarily, it is insisted that the board, in considering the educational facilities were better in the adjoining Newark District failed to consider the total impact upon the losing district; i.e., the loss of 31 students or 13% of the district's total enrollment (241), which resulted in the loss of about $25,000 in state and federal funds. This en masse transfer, consequently, would have a ruinous effect upon the district's finances and, thus, adversely affect the quality of the educational program for the balance of the students in the district. However, we find it unnecessary to discuss these arguments since we agree with appellant's additional contention that the transfer is impermissible without the consent of the sending district.

Ark. Stat. Ann. § 80-1517 (Repl. 1980) provides in pertinent part:

> The county board of education shall have power, upon the petition of any person residing in any particular school districts, to transfer the children or wards of such persons to a district in the same county, or to a district in an adjoining county for school purposes.

Ark. Stat. Ann. § 80-1518 (Repl. 1980) provides:

> From and after the passage of this act [March 3, 1937] no county court [county board of education[1]] shall make an order transferring any school child or

---

[1] Ark. Stat. Ann. § 80-213 [Acts 1941, No. 327, § 11, p. 838]

children from one [1] district to another until and unless the consent of the Board of Directors of the district to where such child or children are sought to be transferred has been secured in writing, such written consent to be filed in the office of the County Clerk of the county from which such child or children are to be transferred.

Ark. Stat. Ann. § 80-1528 (Repl. 1980) provides:

A local Board of Education may, by mutual agreement, provide for the admission to any school of pupils residing in adjoining districts whether in the same or different counties, and for transfer of school funds or other payments by one [1] Board to another for or on account of such attendance.

In *Bell* v. *Howard County Training School*, 236 Ark. 742, 368 S.W. 2d 266 (1963), we construed these statutes. Students there had previously attended the Howard County Training School District #38, lying in Howard and Sevier Counties, which was administered by the Howard County School Board. The students, residents of that district, had been admitted to a school district in Sevier County with the approval of that district board and the Sevier County Board of Education. The Howard County Board and the district board refused to consent to the transfer of the students on the theory that consent was necessary. In agreeing with this contention, after discussing the statutes relied upon here by appellant, we said:

While we concur that a child cannot be transferred to another district without the consent of the Board of Directors of the receiving district, we do not agree that the paramount authority rests with the Board of the receiving district; rather, a valid transfer requires the 'consent' of both the 'sender' and the 'receiver.' The transfer must be made by the County Board of Education in which the 'sending' district is located (80-1517), or *in the case of adjoining districts. by mutual agreement between the two local Boards of Education ('sending' and 'receiving').* (Italics supplied.)

Appellees argue that a close reading of *Bell* indicates that §§ 80-1517 and 80-1628 operate independently of each other and do not constitute a limitation on one or the other. Further, that if approval of the sending district is required in every case, then § 80-1517 would be rendered superfluous. After careful study, we are of the view that appellant correctly relies upon the interpretation of *Bell* as requiring the "sending" district's approval. Here the efforts of the county board to resolve the problem by agreement were unsuccessful and the "sending" district has steadfastly refused the transfer approval. We, also, note the record reflects the board had before it the long-standing policy of the State Department of Education, based upon *Bell*, as interpreted by the Attorney General, that in case of a transfer of students from adjoining districts, approval is required by both the "sending" and "receiving" district.

Reversed.

FOGLEMAN, C.J., and STROUD, J., dissent.

JOHN F. STROUD, Justice, dissenting. I dissent from the holding in this case that a transfer of students from one school district to another is impermissible without the consent of the sending school district. The applicable statutes do not make such requirement, nor does *Bell v. Howard County Training School*, 236 Ark. 742, 368 S.W. 2d 266 (1963), the only case cited or relied upon by the majority opinion.

Two methods for the transfer of students are provided by the statutes. Ark. Stat. Ann. § 80-1528 (Repl. 1980), quoted in the majority opinion, applies only to adjoining districts (in the same or different counties) and allows the transfer by "mutual agreement" of both local Boards of Education. The other method is set out in Ark. Stat. Ann. § 80-1517 (Repl. 1980), which is also quoted in the majority opinion. It merely vests the county board of education with the power upon petition to transfer children to another school district in the same or an adjoining county. The only consent required is contained in the ensuing statute which prohibits the transfer "until and unless the consent of the Board of Directors of the district to which such child or children are sought to be trans-

ferred had been secured." The transfers in this case were made pursuant to § 80-1517 and § 80-1518 which clearly do not require consent of the school district from which the students were transferred.

The majority opinion, although quoting these statutes, does not really indicate that the language therein requires the consent of the "sending" school district, but instead, relies on the *Bell* case, supra, to reach that conclusion. In that case the students transferred from the Howard County Training School District No. 38 administered by the Howard County Board of Education to a school district in Sevier County. The opinion did not say the "sending" *district* must consent to the transfer, but rather that the "sender" must consent. The "sender" in the *Bell* case was not the school *district* but the Howard County Board of Education from whom no consent was obtained. In the cases now on appeal, the transfer was between two school districts within the same county and the "sender" was the Independence County School Board which did specifically authorize the transfers. In *Bell*, the court pointed out that a transfer had not been properly made under either of the statutory methods:

> The transfer must be made by the County Board of Education in which the 'sending' district is located (§ 80-1517), or in the case of adjoining districts, by mutual agreement between the two local Boards of Education ('sending' and 'receiving') (Section 80-1528). . . . neither the Howard County Board of Education nor the Howard County Training School District No. 38 school board approved the transfer of these students. Thus, the pupils were not transferred in accordance with the provisions of either § 80-1517 or § 80-1528. It follows that the transfer was not properly made.

It is obvious that the *Bell* case did not read the mutual consent requirement of § 80-1528 into § 80-1517. To do so would nullify § 80-1517, a position completely incompatible with the specific finding of *Bell* that both methods of transfer do exist. Neither a long-standing policy of the State Department of Education nor an opinion of the Attorney General is

justification for this court to add a provision to an existing statute. Such is the responsibility of the General Assembly.

Finding no merit in any of appellant's points on appeal, I would affirm the judgment of the trial court.

FOGLEMAN, C.J., joins in this dissent.