DELTA SPECIAL SCHOOL DISTRICT NO. 5 *v.*
McGEHEE SPECIAL SCHOOL DISTRICT NO. 17 et al

83-118                                                659 S.W.2d 508

Supreme Court of Arkansas
Opinion delivered October 31, 1983

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Gibbs Ferguson,* for appellees.

JOHN I. PURTLE, Justice. The chancellor held that children of parents who are residents and domiciliaries of Delta Special School District No. 5 could attend the McGehee schools by paying tuition to the McGehee district or by having guardians, who reside in the McGehee district, appointed for the children. Appellants argue three points for reversal. We consolidate them for purposes of this opinion. The chancellor was clearly erroneous and the order must be reversed and the cause remanded.

The parents of Robin Cook, who reside in and are domiciliaries of Delta Special School District No. 5, had been sending her to McGehee Special School District No. 17 for two years. They paid the McGehee district tuition but did not have the consent of Delta. The Biggs and Rancifer children had been attending the McGehee schools without benefit of tuition payments or guardianships. The facts are not in dispute. The trial court held that children of one district could attend another district by paying tuition or by having "school guardianships" arranged, disregarding the requirement that both districts must agree to the transfers.

The question presented here is whether students who reside and are domiciled in one district may attend another district without the consent of both districts. In order to decide this question we must consider Acts 436 and 828 of the 1981 Arkansas General Assembly. These acts are codified in Ark. Stat. Ann. §§ 80-1528 and -1501 (Supp. 1983) respectively.

Act 436 of 1981 deals with the subject of transferring students between districts and states:

Upon the petition of any person residing in any particular school district (resident district), to transfer the children or wards of such person to another school district (receiving district), the Board of Directors of the resident district may enter into an agreement with the Board of Directors of another school district transferring the children to the receiving district for purposes of education . . . After the petition has been approved by the Board of Directors of the resident district and the Board of Directors of the receiving district, copies of such written consent shall be filed in the office of the County Clerk, with the person filing the petition and in the administrative office of the respective school districts. This legal transfer of children from one district to another places the responsibility for the education of the children on the receiving district and permits the receiving district to count these children in average daily membership for state aid purposes.

Act 828 of 1981 concerns the right to a free education and states:

> The public schools of any school district in this State shall be open and free through completion of the secondary program, to all persons between the ages of six (6) and twenty-one (21) years who are domiciled in the district or, in the case of minors, whose parents or legal guardians are domiciled in the district, or to all persons between these ages who have been legally transferred to the district for education purposes.

The plain meaning of the words in Act 828 of 1981 shows that these children had a right to a free education in the district wherein they are domiciled. It is equally plain that Act 436 of 1981 requires the written agreement of both the sending and receiving district before a child domiciled in one district may attend school in another district.

We have previously held that both districts must consent to a transfer before a student could change districts. *Cord-Charlotte School District No. 8* v. *Independence County Board of Education,* 271 Ark. 217, 608 S.W.2d 12 (1980).

The guardianships in the present case were established for the sole purpose of evading the law which requires both districts to consent prior to a legal transfer of students between districts. To allow such a subterfuge as presented here might lead to irreparable harm to some districts and could, quite conceivably, lead to recruiting of outstanding athletes and other special students.

We hold that it was error to allow children who reside in and are domiciled in the Delta Special School District No. 5 to attend the McGehee schools without the written agreement of both districts. The case is remanded with directions to proceed in a manner consistent with this opinion.

Reversed and remanded.

ADKISSON, C.J., and HICKMAN, J., concur.

DARRELL HICKMAN, Justice, concurring. The legislation exists which can prevent parents from seeking a better public education for their children. Perhaps it is wise and perhaps it is not, that is not for us to say. I concur to point out that I believe a guardianship can exist which will permit a child to attend a public school in a district separate from the parents.

ADKISSON, J., joins in this concurrence.