Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your opinion request wherein you posed the following inquiries:
 (1) If a school aged child resides with his natural parents in school district "A" and the child has a legal guardian residing in school district "B", is it lawful for the child to attend school in district "B" without the consent of school district "A"?
 (2) If the natural parents of a school aged child reside in school district "A" and the child resides with his legal guardian in school district "B", may the child attend school in district "B" without the consent of school district "A"?
 (3) If the natural parents of a school aged child reside in school district "A" and the legal guardian of a child resides in school district "B", does the child have the option of attending either school district regardless of whether the child resides with his parents or his legal guardian or resides part-time with his parents and part-time with his legal guardian?
Pertinent to your inquiries is Ark. Stat. Ann. 80-1501, Act 60 of 1983 (First Extraordinary Session), which provides as follows:
 The public schools of any school district in this State shall be open and free through completion of the secondary program to all persons between the ages of five (5) and twenty-one (21) years whose parents or legal guardians are domiciled in the district and to all persons between those ages who have legally transferred to the district for education purposes. Any person eighteen (18) years of age or older may establish a domicile separate and apart from his or her parents or guardians for school purposes.
Although at first glance, a reading of the above statute would indicate that a child could possible attend school in those districts where either his natural parents or legal guardian resides, the following dicta from the Eighth Circuit Court of Appeals decision in the case of Horton v. Marshall Public Schools, No. 84-1914 (August 9, 1985), dispels such a conclusion, to-wit:
 In view of the fact that the school district may appropriately require children to satisfy traditional residency requirements, see Martinez v. Bynum, supra, [103 S.Ct. 1838 (1983)] may limit intrastate student transfers by merely withholding its consent to the transfer, see Delta Special School District No. 5 v. McGehee Special School District No. 17. 659 S.W.2d 508, 509 (Ark. 1983) (applying Ark. Stat. Ann. 80-1528 [Supp. 1983]), and may refuse to admit children who move into the district "for the primary purpose of attending school in a district other than where their parents reside," Spriggs v. Altheimer, Arkansas School District No. 22. supra, 385 F.2d at 259, the school district's policy of requiring a parent or legal guardian to live in the district can hardly be assumed to substantially further its interest in preventing undesirable population fluctuations.
Horton, slip. Opinion No. 89-. at 15.
In view of the above, the only question which can be answered without clarification is your second inquiry. There is nothing in the law which would prohibit a child who resides with his legal guardian from attending schools in the school district wherein the legal guardian and child reside.
Your first and third inquiries both present the question of whether the child's residence can be ignored if the child can establish a nexus with another school district through the domicile of either a parent or legal guardian. As noted in the quote from Horton, supra, the United States Supreme Court has recognized that traditional residency requirements are appropriate prerequisites to attending schools in a particular district. Hence, it is the opinion of this office that although the statute does not specifically address the situations posed in your first and third inquiries, a school district would be justified in expecting its students to be residents of the district wherein they attend school.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair, III.