The Honorable John Paul Capps State Representative P. O. Box 1488 Searcy, Arkansas 72143
Dear Representative Capps:
This is in response to your request for an opinion regarding a student's eligibility to attend Deener Elementary School. You note in your request that while the student's legal guardian lives in the Deener attendance area, neither the student nor his parents live in that area.
I have enclosed a copy of Opinion Number 85-206, issued by this office on October 15, 1985, which I believe satisfactorily answers the question posed.
It should be noted that the Act cited in Opinion Number 85-206 (Act 60 of the First Extraordinary Session of 1983) was repealed in the 1987 legislative session. However, while the new act [Act 591 of 1987, codified as A.C.A. 6-18-202 (Supp. 1987)] establishes, inter alia, a residency rather than a domicile requirement, it does not compel a modification of Opinion No.85-206 in response to this question.
The case of Delta Special School District v. McGehee Special School District, 280 Ark. 489, 659 S.W.2d 508 (1983), which was cited in Horton v. Marshall Public Schools, 769 F.2d 1323 (8th Cir. 1985) (see Op. No. 85-206), offers specific guidance on this question. The Supreme Court in that case reversed the Chancellor's determination that students residing in one school district could attend another district by having guardians appointed who reside in the other district. This case indicates that the Court will be unwilling to permit attendance in one district based solely upon the guardian's residence, regardless of the child's residence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.