The Honorable Mike Todd State Representative 333 W. Court Street Paragould, AR 72450
Dear Representative Todd:
This is in response to your request for an opinion on the following question:
 When a student has transferred from one school district to another and continues to live in the district from which he is transferring, if he later chooses to return to the original district from the receiving district, is a second transfer required transferring him from the receiving district back to the original district or may he automatically return to the original district without any official steps being taken?
It must be initially noted that the various provisions governing student transfers from one district to another appear to deal exclusively with transfers from the resident district to another, "receiving" district. See A.C.A. 6-18-307 (1987) and 6-18-306,6-18-316, 6-18-317 (Supp. 1987). These Code sections provide for agreements between districts in this regard. They do not on their face purport to address a student's return to the resident district, although 6-18-308(g) does state that the transfers must be reviewed at the end of four (4) years to determine whether the agreement should be renewed.
A.C.A. 6-18-202 (Supp. 1987) must also be considered in response to your question. This Code provision states in pertinent part as follows under subsection (a):
 The public schools of any school district in this state shall be open and free through completion of the secondary program to all persons in this state between the ages of five (5) and twenty-one (21) years whose parents, legal guardians, or other persons having lawful control of the person under an order of a court, reside within the school district and to all persons between those ages who have been legally transferred to the district for education purposes.
A.C.A. 6-18-202(a) is the codification of Section 1(a) of Act 591 of 1987. Section 2 of Act 591 repealed Section 1 of Act 60 of the First Extraordinary Session of 1983, which formerly established a domicile rather than a residence requirement for school attendance purposes. Although there are significant differences between the two Acts, the language of Act 591 of 1987 is similar to that of Act 60 of 1983 with respect to the schools being "open and free" to persons within the district. The essential import of the former provision remains, that is, it established the place where a person is entitled to attend school. See Newark Sch. Dist. v. Cord-Charlotte Sch. Dist., 278 Ark. 110,644 S.W.2d 253 (1983). Act 591 of 1987 [A.C.A. 6-18-202 (Supp. 1987)] reflects the most recent pronouncement in this regard, and cites the resident district as the district that shall be "open and free" for persons attending public schools in the State.
The language of 6-18-202 supports the proposition that the resident district has an obligation to provide a public school education to resident patrons. Indeed, the Arkansas Supreme Court has expressly stated that students have a right to a free education in the district wherein they are domiciled. Delta Sp. Sch. Dist. #5 v. McGehee Sp. Sch. Dist. #17, 280 Ark. 489, 491,659 S.W.2d 508 (1983). (This case was decided under prior law. Act 591 of 1987 refers to the district wherein the parents, legal guardians, or those in control "reside.") While A.C.A.6-18-308(g) mandates a review of all transfers at the end of four (4) years, it does not purport to restrict the student's ability or right to receive an education in the resident district prior to this review.
It is therefore my opinion that neither district may prevent the student's return to the resident district, assuming of course that the residency requirement is met. While there are no provisions governing official steps in this regard, administrative considerations would suggest that the resident district should notify the other district of the student's return.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.