SPECIAL SCHOOL DIST. No. 50 *v*. DEASON.

Opinion delivered February 2, 1931.

*Rice & Rice,* for appellant.

BUTLER, J. This case is here on appeal from a decree of the Benton Chancery Court denying appellant's petition for an injunction restraining the county treasurer from transferring funds of Special School District No. 50 to the Gentry Special School District. The appellee has not favored us with a brief, and the record presented by the appellant presents the following state of case:

The county school board of Benton County on petition made an order consolidating appellant school district with Gentry Special School District in March, 1929. From that order an appeal was prayed and granted, the affidavit for which was filed with the clerk of the circuit court on the 23d day of March, 1929, but the transcript of the proceedings before the board was not filed until the 4th day of November following. It appears that on the 18th day of September the circuit court made an order dismissing the defendant's petition seeking to consolidate and change the boundary lines of Special School District No. 50 and Gentry Special School District, and afterward, to-wit, on the 21st day of March, 1930, made and entered a judgment dismissing the appeal taken from the order of the county board aforesaid. From the recitals of that judgment it appears that a motion to dismiss the appeal taken from the order of said county board was filed, to which the appellant here made answer. The cause was submitted to the court upon the transcript from the county board of education filed November 4, 1929, the motion of the petitioners to dismiss the appeal, appellant's answer to said motion, the petitioner's reply thereto, together with exhibits to said reply, and the

judgment of this court rendered September 18, 1929, and the court found as follows: ''The court finds that the judgment of the county board of education of Benton County, Arkansas, in this cause was rendered by said board on the 9th day of March, 1929, and that appellants on said date filed their affidavit and prayer for an appeal, and on the 4th day of November, 1929, filed the transcript from said board with the clerk of this court, which was more than six months from the time the appeal was allowed by said board until the transcript was lodged in this court.

''It is, therefore, considered, ordered and adjudged by the court that the appeal herein be and the same is by the court dismissed, and the clerk of this court is ordered to certify this judgment to the county board of education of Benton County, Arkansas.

''Appellants except to the order and judgment of the court, and pray an appeal to the Supreme Court of Arkansas, which appeal is by the court granted.''

The only other order presented by the record here that was made by the said court was the order adjourning until March 22, 1930. On the 8th day of April, 1930, appellant filed its complaint in the chancery court alleging that it was a special rural school district in Benton County, and that the appellee, as treasurer of said county, held funds belonging to plaintiff district, and that he was soon to receive other funds from the collector belonging to said district; that he had unlawfully transferred a part of the funds to the Gentry Special School District and was about to transfer and turn over to said Gentry Special School District the taxes which were in course of collection; that, unless the appellee was restrained from making this transfer, it would suffer an irreparable injury for which it had no adequate remedy at law, and prayed for a restraining order and for an accounting.

The chancellor, upon a hearing, dismissed the appellant's bill and denied the relief prayed. This order of the court was correct. The judgment of the circuit court

made on the 21st day of April, 1930, dismissed the appellant's appeal from the order of the county board of education, which, until set aside or reversed, left the order of the school board dissolving the appellant district and consolidating it with the Gentry Special School District in full force and effect, and therefore the treasurer was properly proceeding in making the transfer about which complaint is made. Appellant's remedy was by appeal from the judgment of the circuit court of April 21, 1930, which he could not abandon as was done, and invoke the aid of a court of equity. The injunctive relief of a court of equity cannot be invoked when there is an adequate remedy at law is so well settled that the mere statement of the rule is sufficient.

The decree is affirmed.