GILLHAM SCHOOL DISTRICT No. 47 OF SEVIER AND POLK COUNTIES *v.* MILLARD.

4-6695 160 S. W. 2d 215

Opinion delivered March 30, 1942.

1122

 ██ 

*Howard Hasting,* for appellant.

*Byron Goodson,* for appellee.

HUMPHREYS, J. Appellant is School District No. 47, organized under authority of § 11486 of Pope's Digest of the state of Arkansas, and embraces territory in Sevier and Polk counties, Arkansas, with the larger number of its inhabitants residing in Sevier county.

After providing for the formation of school districts in two or more counties, § 11486 provides that, "such district thus formed, for all school purposes, shall be thereafter a part of the county in which is situated the largest number of inhabitants of the territory affected."

Appellees are the directors of School District No. 79 embracing territory in Polk county only and adjoins District No. 47.

Both districts use buses for the transportation of pupils in their respective districts to and from school.

A number of pupils residing in district No. 47 were transferred from district No. 47 to district No. 79 either by the county court of Polk county or the county board of Polk county, and thereafter district No. 79 routed one of its buses so as to make a "U" shaped loop through the northern end of district No. 47 so as to transport the pupils transferred, to and from the school in District No. 79.

Thereupon School District No. 47 brought suit against the directors of district No. 79 in the chancery court of Polk county seeking by mandatory injunction to restrain them from conveying the pupils thus transferred, to and from school, in School District No. 79.

Upon a hearing the trial court found that the pupils had been transferred from district No. 47 to district No. 79 either by the county court or board of education of Polk county, either tribunal having jurisdiction to do so, and for that reason district No. 79 or its directors had a right to transport the pupils thus transferred to and from school in district No. 79.

From the decree refusing to restrain district No. 79 from transporting the pupils thus transferred, to and from its school, an appeal has been duly prosecuted to this court.

If as a matter of law the transfer of the pupils was made by a court or board without authority or jurisdiction to make the transfer, the order of transfer was void and subject to collateral attack.

Appellant contends the order was void and, if so, it is unnecessary to determine the other question raised by appellant as to whether district No. 79 had a right to enter its territory to transport students or pupils to and from its school. That question would arise only in the event the order of transfer was valid.

The trial court found, and the undisputed facts sustain the finding, that a majority of the inhabitants of district No. 47 reside in Sevier county. Section 11486 provides in part that "for all school purposes such district situated in two or more counties, shall be a part of the county in which is situated the largest number of inhabitants of the territory affected." District No. 47, under the statute, is a Sevier county district for all school purposes, and its domicile is in Sevier county. Pupils can be transferred for school purposes only and is an act within the meaning of "for all school purposes" as used in § 11486 of Pope's Digest. That part of Polk county embraced in district No. 47 being in Sevier county for all school purposes, it follows that Sevier

county authorities and not Polk county authorities have and had the right to transfer students or pupils out of district No. 47 into district No. 79 upon proper application. Polk county officials had no authority or jurisdiction to transfer students or pupils out of the Sevier county district to district No. 79, and the order doing so being void is subject to collateral attack.

The decree of the trial court is reversed, and the cause is remanded with directions to grant a mandatory injunction preventing the directors of district No. 79 from routing its bus into the territory of district No. 47 and transporting pupils thus illegally transferred to and from its school.

The Chief Justice thinks that in the circumstances of this case there is no legal impediment preventing district No. 79 from using public highways for the purpose of transporting pupils legally transferred, if such there be.