BRAWLEY SCHOOL DISTRICT No. 38 *v*. KIGHT.

4-7123                                            173 S. W. 2d 125

Opinion delivered July 12, 1943.

*D. D. Glover,* for appellant.

*H. B. Means* and *Joe W. McCoy,* for appellee.

SMITH, J. This suit was brought by the directors of the Malvern School District, in the name of that district, to enjoin Brawley School District No. 38 from expending the funds of the latter district for an un-

authorized purpose. The case might well have been disposed of upon the ground that this was no concern of the Malvern District, but, before the submission of the cause, certain taxpayers of the Brawley District were made parties plaintiff who joined in the prayer for the relief originally prayed.

The Malvern District has a large enrollment in its schools, but has an outstanding indebtedness of $161,000. The Brawley District, an adjacent district, has no indebtedness and it is said that the moving purpose of the Malvern District is to absorb its smaller neighbor.

The testimony shows that the Brawley District maintains a school for as much as 120 days each year, but it shows also that there are only 3 children residing in that district to attend the school, all of whom live within less than 2 miles of the Brawley school house. To maintain an average daily attendance for this 120-day period 14 children residing in the Malvern District have been transferred from that district to the Brawley District. Whether that was the purpose of the transfer or not, such is its effect. *Walnut Grove School District No. 6* v. *County Board of Education,* 204 Ark. 356, 162 S. W. 2d 64.

To secure the attendance of the Malvern children, who had been transferred to the Brawley District, the directors of the Brawley District operate a bus and employ a driver to transport the Malvern children to the Brawley school.

This bus is stored at night in the city of Malvern, where the driver of the bus resides, and it is said that this is done for security and to afford the servicing which the bus requires, and to procure the gasoline required for its operation, there being no filling or servicing station within the Brawley District. This bus is driven eight and eight-tenths miles from Malvern to the Brawley school; six and five-tenths of this route are outside of the Brawley District. The bus makes three stops, all of which are made in the Malvern District and only those children are transported to the Brawley school. No children are picked up in the Brawley Dis-

trict, so that it appears that the sole purpose of operating the bus is to transport the Malvern children to the Brawley school, and the purpose of this suit is to enjoin that operation. The court granted the relief prayed, and from that decree is this appeal.

This decree was based upon the finding, and opinion of the court, that the operation of the bus outside the boundary line of the Brawley District was not authorized by law; but in the opinion of the chancellor, upon which this decree was based, the view was expressed that the bus might pick up the children at the boundary line of the Brawley District and might return them to that place.

This opinion, and the decree based thereon, comports with the construction of the statutes, presently to be cited, by the State Board of Education as is reflected in the regulations adopted by that board for the administration of the equalizing funds for the public schools of Arkansas.

An item taken into account by the State Board of Education, in determining what contributions shall be made to a particular district, is that of the cost of transporting children to and from school. Reports of this transportation cost are filed with the State Board and rules were adopted for the computation thereof. One of these denies compensation for "transporting nonresident children transferred or not transferred." These rules conform to the board's construction of the applicable statutes.

There was offered in evidence, but not admitted, an opinion from the assistant to the attorney general, assigned to the duty of advising the State Board, and other school officials, in which this advice was given: "In this case it would be your duty to transport these children after they have reached the line of your district as they come in and to take them back to that line as they go out."

In the case of *Walnut Grove School District* v. *County Board of Education, supra,* we had occasion to consider the effect to be given the departmental con-

struction of a statute regulating that department, and we there said that, while such construction would not control our own interpretation of a statute, it would nevertheless be regarded as highly persuasive.

Section 11545, Pope's Digest, authorizes school directors to provide transportation to school children, but it is there further provided that: "A bus or other vehicle used in transporting pupils in one district shall not be used to transport pupils in another district without the consent of the county court."

This section was amended by § 11 of Act 327 of the Acts of 1941, the effect of the amendment being to transfer to the County Board of Education "all powers, duties, and the responsibilities respecting the public schools of the several counties which heretofore have been vested in the several county courts, . . ." No contention is made that the county board has authorized the Brawley District to transport the Malvern children and without that authorization this transportation was properly enjoined.

In the case of *Board of Directors, Gould Special School District*, v. *Holdtorff*, 171 Ark. 668, 285 S. W. 357, the facts were as follows: T. H. Free was a director of the Gould School District. His children were sufficiently advanced to require teaching not afforded in that district and it was not convenient for his own, and other children living in his vicinity, to attend the Gould Public School. The Gould District made a contract with Free to transport these children to the Grady school and for that service he was to be paid $50 a month out of which compensation he was to pay tuition for his own and the other children transported to the Grady school. The parties operated under this contract for a year, and it was renewed for another year.

A resident of the Gould District brought suit to enjoin the execution of this contract, and to recover the money paid under the former similar contract, and we affirmed the decree which granted the relief prayed and in so doing said: "But it is quite obvious that the legislative purpose was to provide means for the transporta-

tion of the children of any particular district to the schools of that district. The act says nothing about transporting the children of one district to the schools of another district, nor is any authority conferred to use the school funds to pay tuition in the schools of another district.''

In the case of *Hendrix* v. *Morris*, 127 Ark. 222, 191 S. W. 949, we held that a school district had no authority to expend money for the transportation of school children to and from school, unless that authority had been conferred by law.

Appellant cites the case of *Gillham School District No. 47 of Sevier and Polk Counties* v. *Millard*, 203 Ark. 1121, 160 S. W. 2d 215, as sustaining his contention that the decree in the instant case should be reversed, but we think the case does not sustain that contention.

Territory in Sevier and Polk counties was organized into a school district which was given the number 47 under a statute—§ 11486, Pope's Digest—providing that such a district should be deemed a district of the county in which the greater number of the inhabitants of the territory resided. A majority of the inhabitants of district 47 resided in Sevier county and for this reason it was said that the Sevier county court had jurisdiction of this district. Notwithstanding that fact the county court of Polk county made an order transferring pupils from this district 47 to district 79, a district lying wholly within Polk county.

The directors of district 47 brought suit against the directors of district 79 to restrain them from conveying the pupils transferred to 79, under the order of the Polk county court, to and from the school in district 79. The relief prayed was denied, and in reversing that decree we said: ''Appellant contends the order (of the Polk county court transferring the children) was void and, if so, it is unnecessary to determine the other question raised by appellant as to whether district No. 79 had a right to enter its territory to transport students or pupils to and from its school. That question would arise only in the event the order of transfer was valid.''

We held the order of the Polk county court was void on its face, and, therefore, subject to collateral attack, and the relief prayed was granted here and district No. 79 was enjoined under the opinion of this court from transporting children from district No. 47.

It is argued that when a pupil has been transferred from one district to another such pupil becomes in effect a pupil of the district to which he is transferred, and is entitled to all the rights and privileges of the other pupils of the district to which the transfer was made. So he is, but the decree here appealed from does not deprive the transferred pupil of any of these rights. This decree permits the Brawley district to transport the transferred pupils from the line of the Brawley district to the Brawley school and from that school back to the line of the Brawley district. In other words, this decree permits transportation within the Brawley district to and from the school of that district and no resident pupil of the Brawley district has any greater right, and there is, therefore, no discrimination against the transferred pupil.

We think the decree of the court below is correct and it is, therefore, affirmed.