## MARY JEFFERY v. JACKSON COUNTY COURT JUVENILE DIVISION

5-5762                                                      476 S.W. 2d 805

Opinion delivered February 28, 1972

Legal Aid Bureau of Jackson County; By: *Monroe L. Bethea,* for appellant.

*Ray Thornton*, Attorney General, *Milton Lueken*, Asst. Atty Gen., for appellee.

CARLETON HARRIS, Chief Justice. This appeal results from the refusal of the Jackson County Chancery Court to issue a Write of Prohibition to the Jackson County Court. The facts giving rise to this litigation are as follows: On January 6, 1971, a complaint for divorce was filed in the Jackson County Chancery Court by Mary Jeffery, appellant herein, against Kelly Jeffery, and on April 13, 1971, a final decree of divorce was entered and Mrs. Jeffery was granted custody of the two minor children of the marriage. The record next reflects that on April 8, 1971, a petition was filed in the Jackson County Court, Juvenile Division, by one Lloyd Chambliss asking that court to divest custody of the children from Mary Jeffery and place said custody in the Family and Children's Services of the State Welfare Department.[1] Subsequently appellant filed a petition in the chancery court, setting out that she had filed a motion in the county court, calling attention to the divorce decree and custody order entered by the chancellor, and had asked the county court to dismiss the petition of Chambliss; that the county court had refused to do so. Appellant requested the chancery court to issue a writ of prohibition prohibiting the Jackson County Court from proceeding further in the matter. On hearing, the court denied and dismissed appellant's petition, and from such order (decree) comes this appeal. For reversal, it is simply argued that the court erred in failing to grant the requested writ.

Appellant's argument is predicated on the proposition that the chancery court, in granting the divorce and awarding custody of the children to the mother, acquired exclusive jurisdiction over the subject of custody of the children and that all proceedings relating to their custody were under control of the chancery court, that court issuing the original decree. There is no point in discussing appellant's argument since the chancery court has no jurisdiction to issue a writ of prohibition.

---

[1] It is recognized that the date of April 8, being prior to the date of the divorce, is somewhat confusing, but nonetheless the record so reflects.

In *Nethercutt* v. *Pulaski Co. Spl. Sch. Dist.*, 248 Ark. 143, 450 S. W. 2d 777, it was held that Ark. Stat. Ann. § 33-101 (Repl. 1962) which provides that the chancery court shall have power to hear and determine petitions for writ of mandamus and prohibition, was unconstitutional insofar as it related to the issuance of a writ of mandamus. This holding was based on the fact that Article 7, §§ 11 and 15 of our Constitution provides that "The circuit court shall have jurisdiction in all civil and criminal cases the exclusive jurisdiction of which may not be vested in some other court provided by this Constitution". It was then pointed out that the writ of mandamus was a common law writ and a remedy at law which was unknown to equity procedure. The same is true of the writ of prohibition,[2] and the reasoning set out in *Nethercutt*, though that case dealt with mandamus, applies with equal force to prohibition. In *State* v. *Kuhlman*, 94 N. W. 2d 373, the Nebraska Supreme Court referred to an earlier holding,[3] stating: "Prohibition is derived from the common law and is essentially and wholly a proceeding at law. Courts of equity do not issue writs of prohibition." It follows from what has been said that the chancery court did not err in refusing to grant the writ, and in dismissing appellant's petition.

However, before proceeding further in the Juvenile Court, we suggest that counsel for the parties read the case of *Cude* v. *State*, 237 Ark. 927, 377 S. W. 2d 816. There, the conflict between Ark. Stat. Ann. § 45-221 (Repl. 1964) and Ark. Stat. Ann. § 57-604 subsection a (Repl. 1971) is fully discussed. The first mentioned section, *inter alia*, authorizes the juvenile court to make an order appointing a guardian for a dependent or neglected child, and the last mentioned section deals with the exclusive authority of the probate court over all matters of guardianship. The language in *Cude* is clear and unambiguous.

---

[2]In 73 C. J. S. Prohibition § 2 p. 10, it is stated that "Prohibition is a remedy of ancient origin, and has been said to be as old as the common law itself".

[3]*Massman Construction Co.* v. *Nebraska Workmen's Compensation Court*, 141 Neb. 270, 3 N. W. 2d 639, 640.

1074

Finding no error in the order (decree), the judgment of the Jackson County Chancery Court is affirmed.