ARKANSAS SAVINGS AND LOAN
ASSOCIATION BOARD et al *v.* GRAND PRAIRIE
SAVINGS AND LOAN ASSOCIATION, in
Organization, Stuttgart, Arkansas

76-275                                          547 S.W. 2d 109

Opinion delivered March 7, 1977
(Division II)

*Harvey L. Bell,* by: *Ted Goodloe,* for appellants.

*Malcolm R. Smith* and *Catlett & Henderson,* for appellee.

*Wright, Lindsey & Jennings,* for intervenor-appellants.

ELSIJANE T. ROY, Justice. Appellee Grand Prairie Savings and Loan Association filed an application for a charter to operate a savings and loan association at Stuttgart. Appellant First Federal Savings and Loan Association of Stuttgart filed a protest to the application.

At a hearing on the application November 18, 1975, only four of the five members, including the chairman, of appellant Arkansas Savings and Loan Association Board were present. At the conclusion of the proceedings two members of the Board voted to grant the application and one member voted to deny it. The chairman then voted to deny it and stated that "by a vote of two to two the application must fail."

The decision of the Board was appealed to the Pulaski Circuit Court which decided the application had received the requisite number of votes under the provisions of Rule II (A) (4), adopted by the Board on August 27, 1973, and directed the Board on remand to enter an order granting the application. It is from the decision of the Pulaski Circuit Court that the Board has taken this appeal.

Rule II (A)(4) reads:

A quorum shall be required for any meeting of the Board and shall consist of not less than a majority of the authorized number of members of the Board. At least three Board members eligible to vote must be present in order to consider any matter before the Board. A majority vote of the Board members present and eligible to vote shall be required for approval of any action. All members present except the Chairman shall be allowed to vote on all matters submitted to a vote of the Board. The Chairman can (but is not obligated to) vote whenever his vote will affect the result; that is, he can vote to break a tie or when his vote is necessary to determine a majority vote of the Board.

Protestant First Federal was granted permission to intervene in the appeal, and the points for reversal urged by it and the Board will be discussed together.[1]

The first issue presented is whether the trial court erred in holding the chairman of the Board illegally cast his vote to cause a tie vote.

Appellants cite cases holding that an administrative agency's interpretation of its own rule is controlling unless plainly erroneous or inconsistent. We recognize a state agency's interpretation of its regulations is highly persuasive but not controlling. *Brawley School District No. 38* v. *Kight,* 206 Ark. 87, 173 S.W. 2d 125 (1943). Courts look to the administrative construction of a regulation "if the meaning of the words used is in doubt." *Bowles* v. *Seminole Rock & Sand Co.,* 325 U.S. 410, 65 S. Ct. 1215, 89 L. Ed. 1700 (1945).

However, we do not find the meaning of the words in doubt and agree with the conclusion of the trial court that the Rule does prohibit the chairman from voting except when his vote is necessary to break a tie or to determine a majority vote of the Board.

In view of this determination of the meaning of the Rule it is unnecessary for us to discuss other arguments made by

---

[1]Use of the word "appellants" will include appellant-intervenor and the Board.

appellants concerning its construction.

However, we find merit in appellants' contention that it was error for the circuit court to remand this matter to the Savings and Loan Board with direction to grant a charter without reviewing the findings of fact and legal conclusions of the Board. In effect, the review of the circuit court amounted to an interlocutory ruling involving procedure only and was not a complete judicial review.

The findings of fact entered by the Board supported denial of the application. The conclusions of law of the Board state *inter alia* that appellee did *not* establish the following:

(1) That there is a public need for the proposed association . . . .

(2) That the operation of the proposed association will not unduly harm any other existing association . . . .

Therefore, it was inappropriate for the circuit court to direct the granting of a charter since the only findings in the record are in support of a denial of the charter, not in support of granting one.

For the same reasons it would be inappropriate on the record before us for this Court to decide whether the charter should be granted.

In *First State Building & Loan Assn.* v. *Ark. S&L Bd.,* 257 Ark. 599, 518 S.W. 2d 507 (1975), we stated:

* * * We do not know, from the Order, what specific facts the Board relied upon in granting the application and we will not attempt to supply the deficiencies in an administrative Order by *weighing evidence which is the responsibility of the administrative agencies.* (Italics supplied.)

* * *

This Court held in *Arkansas Savings and Loan Board et al* v. *Central Arkansas Savings and Loan,* 256 Ark. 846 (1974) that the requirements of Ark. Stat. Ann. § 5-710, Supp.

1973, are primarily for the benefit of the reviewing Court and cannot be waived by the parties.

* * *

The judgment is reversed and the cause remanded through the Circuit Court to the Board for such further proceedings as may be necessary.

Accordingly this cause is also remanded to the circuit court with directions to remand to the Board for such further proceedings as may be necessary.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.