Bill CLINTON, Governor, et al. *v.*
REHAB HOSPITAL SERVICES CORP., et al.

84-321                                    688 S.W.2d 272

Supreme Court of Arkansas
Opinion delivered April 15, 1985

*George Harper,* Asst. Att'y Gen., and *Pickens, McLarty & Watson,* by *James A. McLarty,* for appellants.

*Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd.,* by: *Sam Hilburn* and *Janet James Robb,* for appellee.

JOHN I. PURTLE, Justice. The Pulaski County Chancery Court issued an injunction against the appellants on the grounds that they had not timely sought a review of an agency ruling. On appeal it is successfully argued that the trial court erred in granting appellees injunctive relief.

Rehab Hospital Service Corporation filed an application for the issuance of a certificate of need (CON) with the State Health Planning and Development Agency (Agency) for the purpose of constructing a rehabilitation hospital in Jonesboro, Arkansas. Arkansas law requires CON approval from the Agency prior to construction of a new facility such as the one appellees desired to build. The administrative process requires that an application for a CON first be reviewed by one of four Health Systems Agencies. In this case the review was made by Delta-Hills Health Systems Agency (Delta) and the CON was denied. The recommendation was overruled by Joel North, Director of the Agency. Delta's request for reconsideration was denied on May 2, 1984. North informed Delta that a request for review of the Agency's decision could be filed no later than June 4, 1984. A request for review was filed by Delta on June 4, 1984. Rehab then filed its petition for injunction alleging that the request for review was not timely filed. The chancellor granted the injunction. This case reaches us from the issuance of an injunction, but it is more in the nature of an appeal from the decision of an administrative agency. Although chancery courts are not proper courts to review the decisions of administrative agencies, we accept this case because of the need for an immediate appellate review and because we have before us an appeal from the circuit court on the same application for a CON.

The Agency rule at issue reads in part: "Any decision of the State Agency to issue, deny, or withdraw a certificate of need . . . will, upon request . . . be reviewed by an agency of

the state . . . designated by the Governor . . . To be effective, the request [for review] must be received . . . within thirty days of the State Agency decision. . . ."

An attorney with the Agency computed the deadline for filing the request for review and caused the date to be sent to Delta by letter dated May 2, 1984. Thirty days from the date of the decision would have been June 1, 1984, which was a Friday. In computing the deadline, the Agency allowed one day for delivery of the letter, which would have caused the deadline to fall on Saturday, June 2, 1984. The next working day would have been Monday, June 4, 1984, the date the request was filed.

The only question presented for our consideration is whether the Agency properly extended the time within which to file for review. Testimony of Agency employees indicated it was the custom to allow mail delivery time in addition to the 30 day limit stated in the Agency rules and ARCP Rule 6. An agency or department interpretation of its own rules and regulations is not binding upon the courts but it is highly persuasive. *Brawley School District No. 38* v. *Kight,* 206 Ark. 87, 173 S.W.2d 125 (1943). In *Mohawk Rubber Co.* v. *Buford,* 259 Ark. 614, 535 S.W.2d 819 (1976) we said that "where the decision is based upon the application of the commission's own rules, we must also view it in deference to the commission's treatment of these rules. . . . Any reasonable construction or interpretation given such rules is certainly entitled to great weight upon judicial review. . . ." An administrative agency's interpretation of its own rule is controlling unless plainly erroneous or inconsistent. *Arkansas Savings and Loan Association Board* v. *Grand Prairie Savings and Loan Association,* 261 Ark. 247, 547 S.W.2d 109 (1977). "We must accept the agency's interpretation, if it is reasonable in terms of the words of the regulation and the purposes of the statute, even though, as an original matter, we might have reached a different conclusion." *Baker* v. *Heckler,* 730 F.2d 1147 (8th Cir. 1984). It is basic that administrative procedure requires that an agency be given the opportunity to address a question before resorting to the courts. *Truck Transport, Inc.* v. *Miller Transporters, Inc.,* 285 Ark. 172, 685 S.W.2d 798 (1985).

When we give due deference to the Agency's interpretation of its own rules and consider the purpose of the review, we do not find that the slight variance of one day was detrimental to the purposes of the law or the rights of the parties. Therefore, we hold that Delta was not in error in relying on the deadline as computed and communicated to the parties a month before the date fixed by the Agency.

The injunction is dissolved and the case remanded with directions to allow a hearing on Delta's request for review.

Reversed.

GEORGE ROSE SMITH, J., concurs in the results.

GEORGE ROSE SMITH, Justice, concurring. Under our law a court of equity has no jurisdiction in a case of this kind. The Constitution of 1874, Art. 7, § 14, vests in the circuit court superintending control and appellate jurisdiction over inferior courts. Chancery courts have the power to grant injunctive relief in cases within their jurisdiction, but every request for an injunction is not necessarily proper. "That injunctive relief of a court of equity cannot be invoked when there is an adequate remedy at law is so well settled that the mere statement of the rule is sufficient." *Special Sch. Dist. No. 50* v. *Deason,* 183 Ark. 102, 34 S.W.2d 1084 (1931).

In truth, the chancery court's injunction in the case at hand was really a writ of prohibition, regardless of its form. One legislative attempt was made to confer on chancery courts the power to issue writs of prohibition, but that part of the statute was unconstitutional because the 1874 jurisdiction of courts of equity cannot be enlarged. Ark. Stat. Ann. § 33-101 (Repl. 1962); *Jeffery* v. *Jackson County Court,* 251 Ark. 1071, 476 S.W.2d 805 (1972). The application for an injunction should, under our law, have been dismissed by the trial court in the present case.