Mr. Orson Berry Director Arkansas Health Services Agency 4815 West Markham Street Little Rock, Arkansas 72205-3867
Dear Mr. Berry:
This is in response to your request for an opinion regarding Section 9 of Act 593 of 1987. You have asked, specifically, whether the phrase "effective date of this Act," appearing in Section 9 of Act 593 and Section 11 of Act 40 of the First Extraordinary Session of 1987 refers to the effective date of Act 593 or the effective date of Act 40.
Section 9 of Act 593 states in pertinent part as follows:
 Two hundred and ten (210) days after the effective date of the Act, Section 5 of Act 558 of 1975, as amended, is hereby repealed. On and after the two hundred and eleventh (211) day following the effective date of this Act, all projects requiring approval under Section 6(b) hereof shall not be instituted or commenced except upon application for and receipt of a permit of approval as set forth herein, and, during this period of time, all duties and responsibilities of the State Health Planning and Development Agency and the Statewide Health Coordinating Council are hereby transferred to the Health Services Agency established under this Act.
Section 11 of 40 states:
 Section 9 of Act 593 of 1987 is hereby amended to read as follows: . . . . Two hundred and ten (210) days after the effective date of this Act, Section 5 of Act 558 of 1975, as amended, is hereby repealed. On and after the two hundred and eleventh (211th) day following the effective date of this Act, all projects requiring approval under Section 7 hereof shall not be instituted or commenced except upon application for and receipt of a permit of approval as set forth herein, and, during this period of time, all duties and responsibilities of the State Health Planning and Development Agency and the Statewide Health Coordinating Council are hereby transferred to the Health Services Agency established under this Act . . . The Health Services Agency shall process all applications or Certificates of Need for intermediate care facilities for the mentally retarded with fifteen (15) or fewer beds which were pending on the effective date of Act 593 of 1987 and shall for a period of thirty (30) days after the effective date of this Act accept additional applications for such facilities.
It is well established that an existing law is not presumed to be changed further than is declared in the amendatory act. Peterson Produce Company v. Cheney, 237 Ark. 600, 374 S.W.2d 809 (1964). To the contrary, the presumption is that the legislature intended no changes other than those clearly expressed in the amendments. Id. The effect of an amendment to an act is to so change the former act as to make it read in the same manner it would have had it been originally enacted as amended. Edland v. State, 91 Ark. 243,120 S.W. 994 (1909).
It may be successfully contended in this instance that the legislature has not clearly expressed its intent under Act 40 for the words "this Act' appearing in the phrase "[t]wo hundred and ten (210) days after the effective date of this Act" to refer to Act 40 of the special session. A contrary interpretation would, of course, have the effect of extending the date of repeal of Section 5 of Act 558 of 1975. Yet as stated in the title of Act 40 and in the emergency clause thereof, respectively, Act 40 was enacted "to make technical changes" and to correct "technical errors and omissions" in Act 593 of 1987. While it may be asserted that the legislature has impliedly amended Section 9 of 593 to refer throughout to Act 40, as evidenced by other references in Section 11 of Act 40 to Act 40 as "this Act", the Arkansas Supreme Court has clearly stated that neither repeals nor amendments by implication are favored in construing statutes. Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976).
It is also significant to note that the Health Services Agency has interpreted the language in question to refer to Act 593, thus concluding that the authority of the Certificate of Need Appeals Commission is terminated two hundred and ten (210) days after the effective date thereof. Administrative interpretation of a statute, while not conclusive, is a factor to be considered. Arkansas Public Service Commission v. Allied Tel. Co., 274 Ark. 478,625 S.W.2d 515 (1981). And, indeed, it has been held that construction by an agency of a statute regulating that agency is entitled to great weight. See, e.g., Brawley School Dist. No. 38 v. Kight, 206 Ark. 87, 173 S.W.2d 125 (1943).
It is therefore my opinion that the language in question, appearing in Section 9 of Act 593 of 1987 as amended by Section 11 of Act 40 of the First Extraordinary Session, may reasonable be construed to refer to the effective date of Act 593.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.