Melvin F. ROMINE and Anita J. Romine,
d/b/a American Ideal Trash *v.*
ARKANSAS DEPARTMENT of ENVIRONMENTAL
QUALITY

00-22                                                      40 S.W.3d 731

Supreme Court of Arkansas
Opinion delivered October 18, 2000

*Jones, Jones & Lushbaugh, P.L.C.,* by: *Lewis D. Jones,* for appellant.

*Ellen Rouch;* and *Mark Pryor,* Att'y Gen., by: *Charles Moulton,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellants, Melvin F. Romine and Anita J. Romine, operate American Ideal Trash, a sole proprietorship engaged in the business of hauling waste generated in-state to out-of-state disposal sites. Appellee Arkansas Department of Environmental Quality (ADEQ) filed a complaint in the Washington County Chancery Court against the Romines seeking enforcement of a Default Administrative Order finding the Romines in violation of Ark. Code Ann. section 8-6-606 for failure to pay fees assessed against solid-waste transporters who transport solid waste generated within the state but to be disposed of outside the state.

In response to the ADEQ's chancery enforcement action, the Romines admitted their failure to comply with the statute requiring payment of landfill disposal fees but argued in defense that section 8-6-606 violated provisions of the United States Constitution. They also sought and received removal to federal court. In federal court, appellants filed a counterclaim against ADEQ seeking class certification and alleging that section 8-6-606 violated the Commerce Clause, the Equal Protection Clause, 42 U.S.C. § 1983, and Arkansas prohibitions against illegal exactions. ADEQ filed a motion to dismiss the counterclaim or, alternatively, a motion to remand the case back to state court. The district court granted ADEQ's motion to remand and proceedings resumed in the Washington County Chancery Court. ADEQ then renewed its motion to dismiss appellants' counterclaim.

On September 2, 1999, the chancery court granted appellee's motion to dismiss and determined that ADEQ was immune from suit pursuant to Ark. Const. art. 5, § 20, that appellants failed to exhaust their administrative remedies, and that section 8-6-606 was not unconstitutional because it did not distinguish between in-state and out-of-state waste haulers. Following a hearing on September 9, 2000, the chancery court also entered an order enforcing the terms of ADEQ's default order and requiring the Romines to pay the fees due under section 8-6-606 as well as related penalties and costs.

The Romines bring the instant appeal challenging the chancery court's September 2, 1999 order dismissing their counterclaim against ADEQ and its September 20, 1999 order enforcing the terms of the default order. Specifically, appellants claim that section

8-6-606 violates the Commerce and Equal Protection Clauses of the United States Constitution, that ADEQ is not entitled to sovereign immunity, and that the doctrine of exhaustion of administrative remedies is inapplicable. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(a)(1) (2000) because the appeal raises a question of the constitutionality of Ark. Code Ann. section 8-6-606 (Repl. 2000). However, we decline to reach the merits of the constitutional challenge in light of the Romines' failure to exhaust their administrative remedies. Accordingly, we affirm the chancery court's orders dismissing appellants' counterclaim and enforcing ADEQ's default order.

### Exhaustion of administrative remedies

Pursuant to the authority of *Clinton v. Rehab. Hosp. Servs. Corp.*, 285 Ark. 393, 688 S.W.2d 272 (1985), and Ark. Code Ann. sections 8-4-211 and 8-6-208, the chancery court determined that appellants' counterclaim should be dismissed for failure to exhaust available administrative remedies. Specifically, the chancery court acknowledged that appellants, "although invited to do so, failed to present a defense to the State's claim ... before the agency designated by the General Assembly of the State of Arkansas to hear such a claim." Consequently, the Romines' failure to exhaust administrative remedies barred their pursuit of a counterclaim against ADEQ.

In support of their position, appellants cite case law from the Eighth Circuit Court of Appeals suggesting that the exhaustion-of-remedies doctrine is not inflexible and may be relaxed where the administrative agency has a "hostile" attitude. *See Glover v. United States*, 286 F.2d 84 (8th Cir. 1961); *see also Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F.2d 347 (8th Cir. 1984). Notably, the Eighth Circuit's decisions are not binding precedent on this court's application of the doctrine. Moreover, the cases are factually distinguishable. For example, the defendant in *Glover* attempted to participate in the administrative process. *Glover*, 286 F.2d at 89-90. In *Arkla Exploration*, relief was highly improbable and an administrative appeal would have been pointless because the end result was already achieved. *Arkla Exploration Co.*, 734 F.2d at 355.

Further, appellants point to no evidence in the record to support their bare allegation that ADEQ is hostile toward them. In fact, the record reveals that ADEQ instituted the chancery proceeding only after the Romines failed to respond at the administrative level to a notice of violation and to the default order. The Romines admit that they failed to submit solid-waste quarterly reporting forms to the ADEQ and to pay the statutory fees. Following receipt of the notice of violation, appellants had twenty days within which to respond and failed to do so. The Romines responded by filing a counterclaim seeking removal to federal court only after ADEQ commenced the enforcement action.

██ ██ This court has repeatedly held that the failure to exhaust administrative remedies is grounds for dismissal. *City of Dover v. Barton*, 337 Ark. 186, 987 S.W.2d 705 (1999). In light of the appellants' repeated failure to respond and to raise the constitutional arguments at the administrative level, they are barred from pursuing these claims now. *See Arkansas Health Servs. Agency v. Desiderata*, 331 Ark. 144, 958 S.W.2d 7 (1998). In conclusion, we affirm the chancery court's orders dismissing the counterclaim and enforcing the default order.