The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
You have requested an Attorney General opinion in response to the following question:
 Based on Act 1788 of 2001, does the law require that the resident school district be a party to any written agreement between the parent and the nonresident district to provide transportation to or from the nonresident district?
RESPONSE
Although the applicable law, as amended by Act 1788 of 2001, is not entirely clear, it is my opinion that, as currently stated, it does require that if a written agreement is entered into regarding the transportation of a school choice student, the resident school district must be a party to any such written agreement between the parent and the nonresident district to provide transportation to or from the nonresident district.
Act 1788 amended the Arkansas Public School Choice Act of 1989, codified at A.C.A. § 6-18-206. The part of the Act that is most pertinent to your question is codified at A.C.A. § 6-18-206(c), which states:
 (c) The responsibility for transportation of a student from the student's resident school district to a nonresident school district shall be borne by the student or the student's parents. The resident school district and the nonresident school district may enter into a written agreement with the student or student's parents to provide transportation to or from the nonresident district, or both.
A.C.A. § 6-18-206(c) (as amended by Acts 2001, No. 1788, § 1.
The language of the above-quoted provision places primary responsibility for transporting students from the resident district to the nonresident district upon the students or the parents of the students. However, it goes on to permit the school districts agree in writing to provide transportation to or from the nonresident district, or both.
The language of this provision appears to indicate an intent that both
districts be parties to such an agreement. In particular, the use of the word "and" ("the resident school district and the nonresident school district") seems to indicate such an intent.
Accordingly, I conclude that the provision does require that both the resident district and the nonresident district be parties to any written agreement concerning transportation.
I must note another statute that is pertinent to the issue you have raised: A.C.A. § 6-19-102. That statute states:
 (d) A bus or other vehicle used in transporting pupils in one (1) district shall not be used to transport pupils in another district without the consent of the Department of Education.
A.C.A. § 6-19-102.
The Arkansas Supreme Court has held that two statutes addressing the same subject should be construed together and reconciled to the extent possible. Cummings v. Wash. County Election Comm'n, 291 Ark. 354,724 S.W.2d 486 (1987). The above-quoted statute must therefore be read in a manner that is consistent with A.C.A. § 6-18-206, discussed previously, and vice versa. When the two statutes are read together and both are given effect, the result is that the Department of Education must give its consent to any agreement entered into under the authority of A.C.A. § 6-18-206 concerning the transportation of a school choice student. The Arkansas Supreme Court held in Brawley School District No. 38 v. Kight,206 Ark. 87, 173 S.W.2d 125 (1943), that the predecessor statute to A.C.A. § 6-19-102 (Pope's Digest, 11545, as amended by 11 of Act No. 327 of 1941) was a sufficient basis upon which to enjoin the transportation of students from one school district to another without the required consent. (That predecessor statute required consent of the county board of education. The statute was most recently amended in 1999, to require approval by the Department of Education, rather than the county board of education. The new version of the statute went into effect on July 1, 2000. See Acts 1999, No. 1078, §§ 75, 92.) I therefore conclude that the Department of Education must consent to any agreement for transportation of school choice students that is entered into under the authority of A.C.A. § 6-18-206.
The State Department of Education has not yet promulgated any rules or regulations that address the issue you have raised. However, as you note, the Department is charged with the responsibility of doing so. A.C.A. § 6-18-206(f). As you also note, the State Board of Education has the authority to resolve disputes on this issue. A.C.A. § 6-18-206(g).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh