The Honorable Mark Alan Smith State Representative 506 North West Avenue El Dorado, AR 71730
Dear Representative Smith:
You have presented the following questions for my opinion:
 (1) Is it legal for school board members to discuss among themselves school personnel and school business prior to a legally called school board meeting?
 (2) If school board members do meet in private does anything they say or notes taken fall under the Freedom of Information Act?
 (3) What can citizens do if their school board has had private meetings?
 (4) Are there legal steps that can be taken to stop school board members from meeting about school business in private?
 (5) Can school board members be removed from office for violations of laws?
RESPONSE
Question 1 — Is it legal for school board members to discuss amongthemselves school personnel and school business prior to a legally calledschool board meeting?
It is not legal for school board members to discuss among themselves school personnel or other school business prior to a legally called school board meeting.
School boards are subject to the open meetings requirement of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.) The FOIA requires that the meetings of bodies subject to its provisions be held publicly. This means that the public must be given notice of meetings in accordance with the FOIA. The open meetings and notice requirements are stated in A.C.A. § 25-19-106, as follows:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
 (b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
 (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere which cover regular meetings of the governing body and which have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
A.C.A. § 25-19-106(a)(b).
School boards can meet in "executive session" (i.e., in private) under certain limited circumstances and for certain limited purposes. The provision of the FOIA concerning executive sessions states:
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee. The specific purpose of the executive session shall be announced in public before going into executive session.
 (2)(A) Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
 (B) Any person being interviewed for the top administrative position in the public agency, department, or office involved may be present at the executive session when so requested by the governing board, commission, or other public body holding the executive session.
 (3) Executive sessions must never be called for the purpose of defeating the reason or the spirit of this chapter.
 (4) No resolution, ordinance, rule, contract, regulation, or motion considered or arrived at in executive session will be legal unless, following the executive session, the public body reconvenes in public session and presents and votes on the resolution, ordinance, rule, contract, regulation, or motion.
A.C.A. § 25-19-106(c).
As indicated in the above-quoted passage, an executive session and its purpose must be announced publicly before the session is held, and notice of the meeting must be given in accordance with the Act.
The question of whether any particular discussion held between members of a board constitutes a "meeting" that is subject to the requirements of the FOIA will depend largely upon what is discussed. The Arkansas Supreme Court has held that a "meeting" for purposes of the FOIA is any gathering of a governing body at which the body discusses official business on which foreseeable action might be taken. El Dorado Mayor v. El DoradoBroadcasting Co., 260 Ark. 821, 824, 544 S.W.2d 206 (1976). Moreover, a quorum of the body is not necessary in order for the gathering to constitute a meeting. Id. If the discussions to which you refer involve official school matters on which foreseeable action by the board might be taken, these discussions can constitute "meetings," within the meaning of the FOIA, and will thus be subject to the various requirements of the FOIA.
I reiterate that whether a particular discussion constitutes a "meeting" is a question of fact, turning on the specific matters that are discussed.
Question 2 — If school board members do meet in private does anythingthey say or notes taken fall under the Freedom of Information Act?
With regard to matters discussed in private, see response to Question 1, above. The question of whether notes taken during the course of such a discussion are subject to the open records requirement of the FOIA will depend upon whether such notes constitute "public records" within the meaning of the FOIA. The open records requirement of the FOIA applies to "public records." "Public records" are defined in the FOIA as follows:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any form medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
 (B) "Public records" does not mean software acquired by purchase, lease, or license.
A.C.A. § 25-19-103(5).
If the notes in question fall within the above-quoted definition, they are subject to the FOIA, and must be made available to the public, unless exempt under A.C.A. § 25-19-105 or any other law. It should be noted that I have previously opined that the location in which a public record is kept does not change its characterization as a "public record." See Op. Att'y Gen. No. 2000-220 (record kept at the personal residence of a board member that otherwise met the definition of "public record" was subject to the FOIA).
Question 3 — What can citizens do if their school board has had privatemeetings?
The FOIA provides various remedies for citizens who have been aggrieved by a violation of the Act.
First, it provides for civil remedies. An aggrieved citizen can petition the circuit court for relief. A.C.A. § 25-19-107. However, before the court will grant relief under this provision, the body in question must be given the opportunity to correct its action. Rehab. Hosp. Servs.Corp. v. Delta-Hills Health Sys. Agency, 285 Ark. 397, 687 S.W.2d 840
(1985). Accord, Romine v. Dept. Of Environmental Quality, 342 Ark. 380,40 S.W.3d 731 (2000); National Park Med. Ctr., Inc. v. Arkansas DHS,322 Ark. 595, 911 S.W.2d 250 (1995). That is, the board must be allowed to meet publicly and discuss the issues that it had previously discussed privately.
The FOIA also provides criminal sanctions for violations of the Act. Negligent violation of the FOIA constitutes a misdemeanor, punishable by a fine, jail time, community service, and education. Criminal sanctions must, of course, be sought by the prosecutor.
Question 4 — Are there legal steps that can be taken to stop school boardmembers from meeting about school business in private?
In addition to the remedies discussed in response to Question 3, other remedies may be available to aggrieved citizens, including such remedies as a declaratory judgment, an injunction, or a writ of mandamus. The question of whether any of these remedies would be appropriate will be a question of fact. Moreover, the choosing of remedies to be sought is often a strategic decision that must be made under the guidance of private counsel.
Question 5 — Can school board members be removed from office forviolations of laws?
Arkansas law does not provide for the removal of school board members (except in situations in which the board member has either failed to participate, see A.C.A. § 6-13-63, or has been convicted of a felony, see
A.C.A. § 6-13-612). These individuals are elected officials who were placed in office by the democratic process. They represent a body of constituents who, by their votes, voiced their preference that these individuals be placed in office. If these board members' constituents are dissatisfied with their performance on the board, they have the option of replacing them in the next election at which their positions become available.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that Arkansas law previously provided a mechanism for the recall of elected school board members. See Acts 1958, No. 9 (2nd Ex. Sess.). That Act has been repealed.