The Honorable Tommy G. Roebuck State Representative P.O. Box 639 Arkadelphia, AR 71923-0639
Dear Representative Roebuck:
You have presented the following questions for my opinion:
 (1) Is it lawful for a non-resident school district to operate a bus inside a resident school district without the resident district's permission and without a written agreement with the resident district or with the parents of the students being transported?
 (2) Does it matter whether the non-resident district has obtained permission from the Department of Education to operate a bus within the resident district?
You indicate that these questions arise out of a situation in which the non-resident school district participates in the school choice program under the Arkansas Public School Choice Act (A.C.A. § 6-18-206), but the resident district does not participate. The non-resident district has accepted students from the resident district, and allows its bus to travel into the resident district for the purpose of transporting these students into the non-resident district. You state that the resident district did not request or receive permission from the non-resident district to operate its bus inside the non-resident district. There is no written agreement between the two districts or with the students' parents concerning responsibility for the cost of transporting the students.
RESPONSE
Question 1 — Is it lawful for a non-resident school district to operate abus inside a resident school district without the resident district'spermission and without a written agreement with the resident district orwith the parents of the students being transported?
It is my opinion that in order for a non-resident school district to operate a bus inside a resident district, the non-resident school district must receive permission from the resident school district. However, it is not required to enter into a written agreement concerning the transportation. As discussed in response to Question 2, the non-resident school district must also obtain the consent of the Department of Education.
This issue is governed primarily by the Arkansas Public School Choice Act (A.C.A. § 6-18-206). The pertinent section of the Act states:
 (c) The responsibility for transportation of a student from the student's resident school district to a nonresident school district shall be borne by the student or the student's parents. The resident school district and the non-resident school district may enter in to a written agreement with the student or student's parents to provide transportation to or from the non-resident district, or both.
A.C.A. § 6-18-206(c).
I have previously opined that the above-quoted section, by making reference to both the resident district and the non-resident district in granting authority to enter into an agreement concerning student transportation, indicates an intent that both districts agree to the transportation arrangement. See Op. Att'y Gen. No. 2001-367.
I have also opined that although this provision permits the two districts to enter into written agreements with the students or the students' parents concerning transportation, it does not require them to do so. Id.
That is, this section does not require a written agreement. The language of this grant of authority uses the discretionary "may," rather than the mandatory "shall." See Marcum v. Wengert, 344 Ark. 153, 40 S.W.3d 230
(2001).
Question 2 — Does it matter whether the non-resident district hasobtained permission from the Department of Education to operate a buswithin the resident district?
It is my opinion that in order for a school district to operate its buses inside another district, it must obtain the consent of the State Department of Education.
I have previously opined that the Department's consent is required under A.C.A. § 6-19-102(d). See Op. Att'y Gen. No. 2002-367. That statute states:
 (d) A bus or other vehicle used in transporting pupils in one (1) district shall not be used to transport pupils in another district without the consent of the Department of Education.
A.C.A. § 6-19-102. This language is unambiguous and is mandatory. I therefore conclude that it requires the Department's consent. Accord,Brawley School District No. 38 v. Kight, 206 Ark. 87, 173 S.W.2d 125
(1943) (holding that the predecessor statute to A.C.A. § 6-19-102 [Pope's Digest, 11545, as amended by Acts 1941, No. 327, § 11] was a sufficient basis upon which to enjoin the transportation of students from one school district to another without the required consent).
I note that although the State Board of Education is charged with the responsibility of promulgating rules or regulations concerning student transportation, see A.C.A. § 6-18-206(f), no rules or regulations concerning the issue you have raised have yet been promulgated. I also note that that Board has the authority to resolve disputes on this issue. A.C.A. § 6-18-206(g).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General