The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701
Dear Senator Madison:
I am writing in response to your request for an opinion on the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-101 et seq. (Repl. 2002 and Supp. 2003). As background for your questions you state:
 Recently three members of the University of Arkansas at Fayetteville Board of Trustees met with three faculty leaders to discuss changes in UA policy regarding transfers of D's earned elsewhere also known as the `D-rule.' There was no indication given to the press for this meeting. The `D-rule' policy was subsequently changed at the next board meeting.
Your specific questions are as follows:
 1. Was the meeting between three members of the University of Arkansas Board of Trustees and the faculty leaders a violation of the state Freedom of Information Act?
 2. If so, would a meeting with only two board members and faculty for the purpose of discussing upcoming board business also be considered a violation of the state Freedom of Information Act?
 3. What are the consequences for violating the FOIA and what are the appropriate procedures for levying such consequences?
RESPONSE
The question of whether a particular gathering of members of a governing body constitutes a "meeting" under the FOIA necessarily turns upon the circumstances of each case and consequently cannot be definitively resolved in an Attorney General opinion. I lack both the resources and the authority to decide such matters. Additionally, the question may properly be within the province of the prosecuting attorney, who has been vested with enforcement authority under the FOIA, and ultimately a court upon review. Accordingly, while the limited facts before me suggest a violation, I am not able to conclusively opine in response to your first question; nor can I offer a definitive response to your second hypothetical question. I will, however, set forth the general guiding legal principles for your review, after first discussing the potential consequences of a FOIA violation.
The FOIA provides for both criminal and civil penalties for violations of its provisions. Any person who "negligently violates" the FOIA is guilty of a misdemeanor, punishable by a fine of up to $200.00 and/or jail time, or community service and/or education. A.C.A. § 25-19-104 (Repl. 2003). As indicated above, cases must be initiated by the prosecuting attorney, who is invested with broad discretion in bringing such charges. See generally Webb v. Harrison, 261 Ark. 279, 547 S.W.2d 748
(1977). The FOIA also provides for a citizen's appeal of a denial of FOIA rights to the appropriate circuit court. A.C.A. § 25-19-107(a) (Repl. 2003). Those refusing to comply with court orders are guilty of contempt. Id. at subsection (c). The court can also assess fees and costs against a defendant, other than the state, in certain circumstances. Id.
at subsection (d). Invalidation of action taken at an improperly conducted meeting is another possible consequence, although the court has required that the governing body be given an opportunity to correct the violation. See Rehab. Hosp. Servs. Corp. v. Delta-Hills Health Sys.Agency, 285 Ark. 397, 687 S.W.2d 840 (1985). Accord, Romine v. Dept. OfEnvironmental Quality, 342 Ark. 380, 40 S.W.3d 731 (2000); National ParkMed. Ctr., Inc. v. Arkansas DHS, 322 Ark. 595, 911 S.W.2d 250 (1995). That is, the board must be allowed to meet publicly and discuss the issues that it had previously discussed privately. Additionally, action will be invalidated only if the plaintiff seeks to enforce a public right and if the violation was substantial and knowingly made. Id.
Other additional remedies may be available through the courts, depending upon the particular circumstances. Declaratory judgments have been held a proper remedy to enforce FOIA rights. See Arkansas Gazette Co. v.Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). But there is some indication that a plaintiff would have to exhaust administrative remedies prior to using this avenue of relief. See Nat'l Park Med. Center v. DHS,333 Ark. 595, 911 S.W.2d 250 (1995). Mandamus may also be an appropriate remedy. See generally Arkansas State Police Comm. v. Davidson,252 Ark. 137, 477 S.W.2d 852
(1072) (meetings) and Boyd v. Keith, 330 Ark. 626,954 S.W.2d 942 (1997) (records).
Turning then to the general principles surrounding the FOIA's open meetings requirement, the FOIA applies to "all meetings, formal or informal, special or regular, of . . . all boards, bureaus, commissions, or organizations of the State of Arkansas. . . ." A.C.A. § 25-19-106(a) (Supp. 2003). A "meeting" for purposes of the FOIA is any gathering of a governing body at which the body discusses official business on which foreseeable action might be taken. See El Dorado Mayor v. El DoradoBroadcasting Co., 260 Ark. 821, 824, 544 S.W.2d 206 (1976). A quorum of the body is not necessary in order for the gathering to constitute a meeting. Id. As a general matter, consistent with previous opinions of this office, it is my opinion that the number in attendance is not alone determinative of whether a "meeting" has occurred for purposes of the FOIA. See Op. Att'y Gen. 2001-065 (and opinions cited therein). Rather, consideration must be given to all of the surrounding circumstances, with a particular eye toward potential evasion of the open meeting requirement. Id.
Based on these principles, it is my opinion that a violation is clearly suggested by the facts presented under your first question, where three members of the Board of Trustees ("Board") met to discuss matters that would foreseeably be acted upon by the Board. Although the number of members is not determinative, three members gathering for discussions of this nature is strong evidence of a "meeting" as contemplated by ElDorado Broadcasting Co., supra, 260 Ark. at 824 (noting in dicta that the trial court's order applied to "any group meeting . . . at which members . . . less in number than a quorum meet for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken. . . .").
Your second question, regarding two Board members and faculty discussing upcoming Board business, cannot satisfactorily be addressed in the limited format of this opinion. This may or may not make a "meeting," in my opinion, depending upon all of the facts and circumstances. See generally
Op. Att'y Gen. Nos. 99-018 and 96-317 (addressing possible scenarios involving discussions of public business by two members of a governing body). As stated by one of my predecessors, "[u]ntil the Arkansas Supreme Court is squarely faced with the question, or the legislature clarifies this issue, there can be no hard and fast rule that two members of a governing body either do or do not always make a meeting under the FOIA." Op. Att'y Gen. 2000-096.
In conclusion, the question of whether a "meeting" was held, for purposes of the FOIA, under any particular scenario, demands a review of all surrounding facts and is not susceptible to any conclusive resolution in an opinion from this office. As noted above, enforcement authority resides in the prosecuting attorney. Those seeking redress may also avail themselves of the civil remedies discussed above.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh